**In re Rodney G. HAMPTON, Debtor.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Rodney G. HAMPTON, Defendant.**

**Bankruptcy No. 83 B 526.**
**Adv. No. 83 A 589.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 11, 1985.

48

Joan Laser, Asst. U.S. Atty., Chicago, Ill., for U.S.

Paul K. Vickrey, Chicago, Ill., for Continental Illinois Nat. Bank.

Lawrence M. Cooper, of Cooper & Cooper, Ltd., Chicago, Ill., for Rodney G. Hampton.

## MEMORANDUM OPINION AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

The matter is before the Court on the Motion of the substituted Plaintiff, the United States of America, for Summary Judgment on the adversary complaint to determine dischargeability of a guaranteed

student loan obtained by the debtor defendant, Rodney G. Hampton, under the auspices of the "Health Education Assistance Loan" (H.E.A.L.) program. 42 U.S.C. § 294.

The debtor obtained a H.E.A.L. loan in the amount of $10,000 through Continental Illinois National Bank and Trust Company ("Bank") on August 11, 1980, in order to attend the Illinois College of Podiatric Medicine. On January 18, 1982, debtor withdrew from the school prior to obtaining a degree and on January 13, 1983, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The bank filed an adversary complaint to determine dischargeability of the loan. The Department of Health and Human Services as guarantor of the loan, paid the bank and the United States was substituted as proper party plaintiff.

In its complaint, plaintiff argues that a H.E.A.L. loan is not dischargeable unless the three conditions required by 42 U.S.C. § 294f(g) are met. That section provides:

§ 294f

(g) A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under Title 11 only if such discharge is granted—

(1) after the expiration of the 5-year period beginning on the first date, ... when repayment of such loan is required;

(2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; and

(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of

this section to the borrower and the discharged debt.[1]

 Section 294f(g) is an absolute prohibition against discharge of the loan in question prior to expiration of the five-year period commencing with the first date repayment begins. After the five year period expires, the loan may be discharged upon a finding by the Bankruptcy Court that nondischarge would be unconscionable.

Pursuant to the terms of the note, the debtor was to commence repayment on November 1, 1982. Thus, under the provisions of § 294f(g), the Court would be precluded from considering dischargeability of the loan prior to November, 1987.

Debtor, on the other hand, contends that § 523(a)(8)[2] of the Bankruptcy Code should apply because § 294f(g) had been repealed by the "Bankruptcy Reform Act of 1978" and was not re-added until passage of the "Omnibus Budget Reconciliation Act of 1981". Debtor having signed the loan agreement during the "gap" period, contends the discharge provisions of § 294f(g) are not applicable to him. He argues that retroactive application of the discharge provisions to a loan agreement entered into during the "gap" period is an impairment of his rights under the contract and a violation of the Due Process clause of the 5th Amendment.

Debtor's argument is premised upon the theory that the retroactive application of a more stringent discharge provision than existed at the time he entered into the contract violates the Due Process clause of the 5th Amendment.

 In order to establish a violation of the Due Process provisions of the Fifth Amendment, debtor must show that retro-

---

1. Subsection (3) would not apply in the instant case due to debtor's withdrawal from school.

2. § 523
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
. . . . .
(8) for an educational loan, made, insured or guaranteed by a governmental unit, or made

under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—
(A) Such loan first became due before five years ... before the date of filing the petition; or
(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

active application of 42 U.S.C. § 294f(g) would deprive him of a "property right". The Court finds that there is no "property right" in the right to a bankruptcy discharge provision of a contract. Bankruptcy discharge is not subject to contractual negotiation nor is it a term of a contract such as the principal amount, interest rate, repayment period or security.

Discharge in bankruptcy is a privilege not a right. *Stellwagen v. Clum*, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918). Only Congress can dictate the provisions for discharge in bankruptcy. U.S. CONST. Art. I, § 8, cl. 4. Congress has the constitutional power to provide for the discharge of "certain debts" and to except "certain debts" from discharge *Stellwagen v. Clum*, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918). Congress has concluded that medical profession students who are granted loans under the Public Health Service Act H.E.A.L. loan program may not receive a discharge of the loan in bankruptcy prior to the expiration of the first five years after repayment commences.

Because discharge in bankruptcy is a statutory privilege, there is no "property right" in a bankruptcy discharge. Debtor having no contractual "property" in, or a "right" to discharge, the application of a bankruptcy discharge law enacted after debtor signed his promissory note is not a violation of his constitutional rights. To hold otherwise would establish a property right where none exists.

The Court, having found no constitutional issue in this proceeding, must decide which of the two statutes is to be applied. Both the Bankruptcy Code (11 U.S.C. § 523(a)(8)) and the Public Health Service Act (42 U.S.C. § 294f(g)), require a five-year waiting period. A conflict arises in that the Bankruptcy Code provides for discharge within the five year period upon a showing of undue hardship whereas the Public Health Service Act fails to provide for that opportunity. If 42 U.S.C. § 294f(g) is applied, the loan is, without exception, nondischargeable during the five year period.

The two statutes at issue concern the same subject matter, discharge of student loans in bankruptcy, but conflict as to whether there are exceptions to the general rule of nondischargeability. When there is a conflict between statutes, the later enacted statute should be given primary consideration. *Araya v. McLelland*, 525 F.2d 1194, 1196 (5th Cir.1976). And, a specific statute controls over a general one "without regard to priority of enactment". *Bulova Watch Co. v. U.S.*, 365 U.S. 753, 758, 81 S.Ct. 864, 867, 6 L.Ed.2d 72 (1960).

Bankruptcy Code § 523(a)(8) was enacted as part of the "Bankruptcy Reform Act of 1978" which became effective on October 1, 1979. Public Health Service Act § 294f(g) was enacted as part of the "Omnibus Budget and Reconciliation Act of 1981". The Bankruptcy Code provision concerns the discharge of guaranteed student loans in general while the Public Health Service Act is specifically concerned with the discharge of H.E.A.L. loans. Public Health Service Act, 42 U.S.C. § 294f(g) being the more recently enacted and more specific statute controls the discharge of debtor's loan.

Rule 56 of the Federal Rules of Civil Procedure provides that a motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

The issue in this proceeding is a determination of the dischargeability of debtor's H.E.A.L. loan. The Court finds that 42 U.S.C. § 294f(g) controls the discharge of such loans and that the five-year period required for discharge has not expired. There being no genuine issue of material fact, plaintiff's motion for summary judgment is granted.

IT IS THEREFORE ORDERED that the motion for summary judgment of the United States of America is granted and the H.E.A.L. loan of debtor, Rodney G. Hampton, is determined to be nondischargeable.