PER CURIAM.
 

 Debtors-Appellants Frederick and Vall-era Johnson, husband and wife proceeding
 
 pro se,
 
 appeal from a district court order excluding a Health Education Assistance Loan (HEAL) in the amount of $10,000 from their Chapter 13 plan. For the reasons set forth below, we affirm.
 

 The facts are not disputed. On February 11, 1982, debtors filed a voluntary joint petition under Chapter 13 of Title 11 of the United States Code. At the time the petition was filed, Frederick Johnson was a medical student and Vallera was an attorney employed by the U.S. Department of Housing and Urban Development. They had a combined gross income of $27,052.45 for the last calendar year prior to filing the petition. The total debt under the Chapter 13 Plan was $12,170 and the proposed payment was $165 per month. The Plan was confirmed on April 28, 1982 without objection.
 

 Debtors originally excluded four student loans totalling $23,500 from their petition because the loans were not due until at least 9 months after Frederick Johnson’s graduation. On December 8, 1982, debtors filed a motion to amend their Chapter 13 Plan to include $15,500 of their educational loans, one of which was the $10,000 HEAL loan.
 
 [1]
 
 On March 2, 1983, the Chase Manhattan Bank, the private lender on the $10,-000 HEAL loan, assigned the promissory note evidencing the loan to the United States Department of Health and Human Services (HHS), the guarantor. Without notice to the Chase Manhattan Bank, debtors went before the bankruptcy court and had an order entered to include the educational loans in debtors’ Chapter 13 Plan. On March 8, 1983, HHS filed a memorandum in opposition to the debtors’ motion to amend and, on April 13, 1983, HHS moved to amend the March 3, 1983 order to exclude the HEAL loan from debtors’ Chapter 13 Plan. The bankruptcy court denied HHS’s motion to exclude and HHS appealed. The district court, in a decision report
 
 *1181
 
 ed at 45 B.R. 885 (N.D.Ill.1985), held that the HEAL loan is not subject to discharge under debtors’ Chapter 13 Plan and, accordingly, reversed the bankruptcy court’s decision.
 

 We must determine the circumstances under which a HEAL loan may be discharged in a Chapter 13 bankruptcy. The issue presented appears to be one of first impression among the circuits. Generally under Chapter 13, all debts are discharged upon completion of the payments under the Chapter 13 Plan with the limited exceptions listed in section 1328(a) for alimony, child support, and certain long term obligations.
 
 See
 
 11 U.S.C. § 1328(a). Thus, educational loans also generally are discharged under Chapter 13.
 
 See Johnson v. Edinboro State College,
 
 728 F.2d 163, 166 n. 4 (3d Cir.1984);
 
 In re Estus,
 
 695 F.2d 311, 314 n. 5 (8th Cir.1982);
 
 In re Reese,
 
 38 B.R. 681, 682 (N.D.Ga.1984);
 
 United States v. Eichelberger,
 
 6 B.R. 705, 707-08 (S.D.Miss.1980).
 

 HHS argues, however, that section 294f(g) of the Act which authorizes HEAL loans, 42 U.S.C. § 294
 
 et seq.,
 
 provides an exception for the discharge in bankruptcy of HEAL loans and that debtors’ $10,000 HEAL loan is not dischargeable under this section. Section 294f(g) provides that an HEAL loan is not dischargeable unless three conditions are met:
 

 (g) A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under Title 11, United States Code, 11 U.S.C. sections 101 et seq., only if such discharge is granted—
 

 (1) after the expiration of the 5-year period beginning on the first date, as specified in subparagraphs (b) and (c) of section 731(a)(2), 42 U.S.C. section 294d(a)(2), when repayment of such loan is required;
 

 (2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; and
 

 (3) upon the condition that the Secretary shall not have waived the Secretary’s rights to apply subsection (f) to the borrower and the discharged debt.
 

 Under section 294f(g), a HEAL loan may not be discharged until five years from the date repayment commences. Then, after the expiration of the five-year period, a HEAL loan only may be discharged if the bankruptcy court finds that nondischarge would be unconscionable and the Secretary of HHS has not waived certain rights.
 
 [2]
 
 If section 294f(g) governs the dischargeability of HEAL loans, the district court properly excluded debtors’ $10,000 HEAL loan from the Chapter 13 Plan because the repayment period on the loan had not even begun to run at the time of the district court’s decision.
 

 Section 1328(a) must be reconciled with section 294f(g). Where two statutes deal with the same subject matter, they are to be read in
 
 pari materia
 
 and harmonized when possible.
 
 Jones v. St. Louis—San Francisco Ry. Co.,
 
 728 F.2d 257, 262 (6th Cir.1984);
 
 Matter of Robison,
 
 665 F.2d 166, 171 (7th Cir.1981). We are guided by certain tenets of statutory construction. First, a specific statute takes precedence over a more general statute.
 
 Busic v. United States,
 
 446 U.S. 398, 406, 100 S.Ct. 1747, 1752, 64 L.Ed.2d 381 (1980);
 
 United States v. Olinger,
 
 759 F.2d 1293, 1299 (7th
 
 *1182
 
 Cir.),
 
 cert. denied,
 
 — U.S. —, 106 S.Ct. 120, 88 L.Ed.2d 98 (1985). Second, a later statute may limit the scope of an earlier statute.
 
 Davis v. United States,
 
 716 F.2d 418, 428 (7th Cir.1983).
 

 Section 294f(g) is both the more specific and the later of the two statutes. Section 294f(g) is much more limited in scope than section 1328(a). Section 1328(a) deals generally with the discharge of all debts under Chapter 13 whereas section 294f(g) deals only with the discharge of HEAL loans. Section 1328(a) was enacted in 1978. Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2650 (1978). Section 294f(g), as originally enacted in 1976,
 
 [3]
 
 was repealed in 1978 as unnecessary because the provisions for the discharge of student loans were set forth in the Bankruptcy Code.
 
 See
 
 1
 
 Collier on Bankruptcy
 
 ¶ 5.27, at 5-124 (15th ed. 1985). Congress, however, reenacted section 294f(g) in 1981 and made the discharge of HEAL loans even more difficult than the original enactment by adding subsections (2) and (3). Omnibus Budget and Reconciliation Act of 1981, Pub.L. No. 97-35, 95 Stat. 357 (1981). In reenacting section 294f(g), Congress was presumably aware of section 1328(a)’s more general discharge provision and other previously enacted provisions of the Bankruptcy Code dealing with the discharge of educational loans.
 
 [4]
 

 See Erlenbaugh v. United States,
 
 409 U.S. 239, 243-44, 93 S.Ct. 477, 480, 34 L.Ed.2d 446 (1972). To give meaning to both section 294f(g) and section 1328(a), section 294f(g) must be the limited exception to section 1328(a)’s general rule that educational loans are dis-chargeable. Accordingly, when any debtor is seeking to discharge an HEAL loan, he or she must meet the three requirements specified in section 294f(g).
 

 The order of the district court excluding debtors’ $10,000 HEAL loan from their Chapter 13 Plan is
 

 Affirmed.
 

 [1]
 

 . HEAL loans are provided by private lenders for the education of health professionals but are fully guaranteed by the Department of Health and Human Services.
 

 [2]
 

 . Specifically, a HEAL loan is dischargeable only if the Secretary has not waived his right to apply subsection (f). Under subsection (f), any federal payments for health services to borrowers of HEAL loans who both are practicing their professions and have defaulted on their HEAL loans may be reduced to offset the amount of the debt.
 

 Debtors argue that this subsection contravenes section 524 of the Bankruptcy Code and therefore section 294f(g) is inapplicable to the instant case. Section 524 of the Bankruptcy Code provides that a discharge of a debt operates as an injunction against subsequent or continued attempts to collect the debt. 11 U.S.C. § 524(a). According to debtors, subsection three of section 294f(g) would vest the Secretary with the authority to collect an HEAL loan after the loan has been discharged under a Chapter 13 Plan. Implicit in debtors’ argument, however, is the assumption that an HEAL loan could be discharged under section 1328(a). Whether that assumption is correct is the issue in this case.
 

 [3]
 

 . Section 294f(g), as originally enacted, read as follows:
 

 (g) A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under Title 11 only if such discharge is granted after the expiration of the five-year period beginning on the first date, as specified in section 294d(a)(2)(B) of this title when repayment of such loan is required. 42 U.S.C. § 294f(g) (1976).
 

 [4]
 

 . Both parties argue at various points that section 523(a) of the Bankruptcy Code, which provides a less stringent standard under which an educational loan may be discharged, applies rather than section 294f(g). Section 523(a), however, has no bearing on this matter because it only applies to Chapter 7 cases, Chapter 11 cases involving individual debtors, and in those Chapter 13 cases in which the debtor receives a hardship discharge pursuant to section 1328(b).
 
 See
 
 11 U.S.C. §§ 727(b), 1141(d)(2),
 
 &
 
 1328(c). Section 523(a) does not apply to the situation found here where debtors will receive a discharge pursuant to section 1328(a) upon completion of the payments under the Chapter 13 Plan.