**In re Stewart Lyle HINES, Debtor.**

**Stewart Lyle HINES, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 485–00084.
Adv. No. 486–0038.**

United States Bankruptcy Court, D. South Dakota.

Aug. 20, 1986.

Doug Cummings, Sioux Falls, S.D., for plaintiff.

R.P. Murley, Asst. U.S. Atty., Sioux Falls, S.D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### Introduction

·This is before the Court on a complaint to determine dischargeability of a debt filed on behalf of Stewart Lyle Hines ("debtor") by Attorney Doug Cummings on June 11, 1986. Debtor substantively alleges that: 1) Because the loan which was received pursuant to the Health Education Assistance Loan Act (HEAL) has been due and owing for more than a five-year period prior to filing, the debt is dischargeable under Bankruptcy Code Section 523(a)(8); or 2) If 42 U.S.C. § 294f(g), and not Section 523(a)(8), applies for determining dischargeability of HEAL student loans, then this debt is dischargeable under that section because it meets those requirements for dischargeability. In its answer, filed on July· 1, 1986, by Assistant United States Attorney R.P. Murley, the Government contends that 42 U.S.C. § 294f(g), and not Section 523(a)(8), is paramount for determining dischargeability of HEAL student loans and the debt in question is nondischargeable under that section. A trial was held in Sioux Falls, South Dakota, on August 12, 1986, and the Court took the matter under advisement.

### Background

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on February 28, 1985. During his fall semester term at the University of South Dakota Medical School, the debtor applied for and received a $5,000 loan from the Chase Manhattan Bank pursuant to the Health Education Assistance

Loan program (HEAL) (42 U.S.C. § 294).[1] The debtor, who was in his third year of medical school, was dismissed for academic reasons in March of 1979 and was, thereafter, unsuccessful in his suit for reinstatement.[2] His loan was declared due ten months after his dismissal and was subsequently purchased by the Department of Health and Human Services on June 30, 1981. The amount of principal and interest claimed due and owing on the filing date is $11,274.51.

The debtor, who is admittedly in good health, lives in Yankton, South Dakota, is married, and has two children ages two and four.[3] Between the time of his school dismissal and bankruptcy filing, the debtor has worked in Yankton as a chimney sweep, a bartender, a satellite dish salesman, and at a nursery. He represented that he only averaged about $2,000 per year in income.

After the time of filing, he began a tire business. He estimates that his income is presently approximately $262 per month against $500 in expenses and the business assets equal the debts. Also, he was pessimistic as to whether there will be any substantial increase in his income in the near future. During the past several years, his wife has worked for the Yankton, South Dakota, Police Department, and her income is approximately $7,000 per year. At the time of filing and trial, his wife and children were in good health and they had no substantial outstanding debts.[4]

According to the promissory note which the debtor signed in conjunction with receiving the loan in question, interest is payable at an annual percentage rate not to exceed twelve percent, which is equal to the sum of the following:

A. Simple interest at the rate of 7 percent per year.

B. A variable rate which is calculated by the U.S. Commissioner of Education for each calendar quarter and computed by determining the average of the bond equivalent rates reported for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, subtracting 3.5 percent, rounding the difference up to the nearest ⅛ of one percent and dividing by four. However, if the variable rate for any quarter would cause the rate for the 12 month period ending with that quarter to exceed 5 percent, then the rate for that quarter will be reduced to the highest ⅛ of one percent which would not result in such an excess. Any increase in the annual percentage rate will affect the payment amounts, the number of payments, or the amount due at maturity.

C. If applicable, the insurance premium required by the U.S. Commissioner of Education.

Also, although the loan repayment period is generally over a ten-to-fifteen-year period, it may be extended up to twenty-three years.

### Issues

The principal issues raised are: 1) Whether 42 U.S.C. § 294f(g), and not 11 U.S.C. § 523(a)(8), is paramount for determining HEAL student loan dischargeability in Chapter 7 matters; and 2) If so, whether

---

1. HEAL loans are provided by private lenders for education of health professionals but are fully guaranteed by the Department of Health and Human Services. *See Matter of Johnson,* 787 F.2d 1179 n. 1 (7th Cir.1986).

2. After exhausting his administrative remedies, the debtor, on June 11, 1980, brought a complaint in the United States District Court, District of South Dakota, Southern Division, seeking reinstatement and money damages. The District Court granted summary judgment in favor of the medical school and other defend-

ants on October 8, 1980, Civ. No. 80–4097, and this was affirmed by the Eighth Circuit Court of Appeals on January 26, 1982, Civ. No. 81–1107.

3. The debtor does receive a disability check from the Government for a psoriasis problem that developed while he was in the Army.

4. According to the debtor's schedules, the only debts that the debtor owed on the filing date were school loans and unpaid tuition in the amount of $68,900.

**734**

the $5,000 HEAL student loan plus applicable interest is dischargeable under 42 U.S.C. § 294f(g).

## Law

### First Issue

█ As to the first issue, the Court holds 42 U.S.C. § 294f(g), and not 11 U.S.C. § 523(a)(8), is paramount for determining HEAL student loan dischargeability in Chapter 7 matters. This is based on the following discussion.

Debtor contends that, because his HEAL student loan has been due and owing for more than a five-year period prior to his bankruptcy filing, the debt is not precluded discharge under Bankruptcy Code Section 523(a)(8). Bankruptcy Code Section 523(a)(8)(A) provides that:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a non-profit institution, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.[5]

Conversely, the Government insists that 42 U.S.C. § 294f(g), and not Section 523(a)(8), is paramount for determining dischargeability of HEAL student loans. Section 294f(g) provides that a HEAL loan is not dischargeable unless three conditions are met:

(1) after the expiration of the 5–year period beginning on the first date, as specified in subparagraphs (B) and (C) of section 294d(a)(2) of this title, when repayment of such loan is required;

(2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; and

(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of this section to the borrower and the discharged debt.[6]

Under Section 294f(g), a HEAL loan may not be discharged until five years from the date the repayment period begins. Then, after the expiration of the five-year period, a HEAL loan may only be discharged if the Bankruptcy Court finds that nondischarge would be unconscionable and the Secretary of the United States Department of Health and Human Services has not waived certain rights. *Matter of Johnson,* 787 F.2d 1179, 1181 (7th Cir.1986).

Bankruptcy Judge Schwartz, in *In re Hampton,* 47 B.R. 47 (Bkrtcy.N.D.Ill.1985), addressed the issue in question and held that 42 U.S.C. § 294f(g) is paramount for determining HEAL student loan dischargeability in Chapter 7 matters. After noting the conflict between Sections 294f(g) and 523(a)(8), Judge Schwartz first determined that:

When there is a conflict between statutes, the later enacted statute should be given primary consideration. (citations omitted) And, a specific statute controls over a general one 'without regard to priority of enactment.' (citations omitted)

*Id.* at 50.

And, thereafter, found that:

Bankruptcy Code § 523(a)(8) was enacted as part of the 'Bankruptcy Reform Act of 1978' which became effective on October 1, 1979. Public Health Service Act

---

**5.** Subpart (B) provides:

"[or] excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents."

**6.** Subsection (f) reads as follows:

The Secretary may, after notice and opportunity for a hearing, cause to be reduced Federal reimbursements or payments for health services under any Federal law to borrowers who are practicing their professions and have defaulted on their loans insured under this subpart in amounts up to the remaining balance of such loans.

§ 294f(g) was enacted as part of the 'Omnibus Budget and Reconciliation Act of 1981'. The Bankruptcy Code provision concerns the discharge of guaranteed student loans in general while the Public Health Service Act is specifically concerned with the discharge of H.E.A.L. loans. Public Health Service Act, 42 U.S.C. § 294f(g) being the more recently enacted and more specific statute controls the discharge of debtor's loan.

*Id.*

The Seventh Circuit Court of Appeals, in the *Matter of Johnson,* 787 F.2d 1179 (7th Cir.1986), addressed the issue of whether 42 U.S.C. § 294f(g), and not 11 U.S.C. § 1328(a), is paramount for determining HEAL student loan dischargeability in Chapter 13 matters and, based on reasoning similar to that of the *Hampton* court, held that Section 294f(g) controls.[7]

The Court finds the *Hampton* and *Johnson* courts' reasoning persuasive and, therefore, holds that Section 294f(g), and not Section 523(a)(8), is paramount for determining dischargeability in Chapter 7 matters.

### Second Issue

As to the second issue, because the Court finds that nondischarge of the debtor's HEAL student loan is not unconscionable as required by 42 U.S.C. § 294f(g)(2), the Court, therefore, holds that this debt is denied discharge. This is based on the following discussion.

■ As said before, Section 294f(g) provides that a HEAL loan is not dischargeable unless three conditions are met: 1) the bankruptcy filing date is at least five years from the repayment period beginning date; 2) the Bankruptcy Court, thereafter, finds that nondischarge of this debt is unconscionable; and 3) the Secretary of the United States Department of Health and Human Services has not waived certain rights.[8]

In the instant case, because the bankruptcy filing date was at least five years after the repayment period beginning date and the Secretary did not waive any rights, the parties agreed that the only issue before the Court was whether the nondischarge of the debtor's HEAL student loan is "unconscionable" as required by 42 U.S.C. § 294f(g)(2). Both parties, however, disagreed as to the proper test or standard for determining unconscionable pursuant to that provision. No case was offered or found on this point.

7. In pertinent part, the Court of Appeals first determined that:

Section 1328(a) must be reconciled with section 294f(g). Where two statutes deal with the same subject matter, they are to be read in *pari materia* and harmonized when possible. (citations omitted) We are guided by certain tenets of statutory construction. First, a specific statute takes precedence over a more general statute. (citations omitted) Second, a later statute may limit the scope of an earlier statute. (citations omitted)

*Id.* at 1181–82.

And, thereafter, the court found that:

Section 294f(g) is both the more specific and the later of the two statutes. Section 294f(g) is much more limited in scope than section 1328(a). Section 1328(a) deals generally with the discharge of all debts under Chapter 13 whereas section 294f(g) deals only with the discharge of HEAL loans. Section 1328(a) was enacted in 1978. Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2650 (1978). Section 294f(g), as originally enacted in 1976, was repealed in 1978 as unnecessary because the provisions for the discharge of student loans were set forth in the Bankruptcy Code. (citations omitted) Congress, however, reenacted section 294f(g) in 1981 and made the discharge of HEAL loans even more difficult than the original enactment by adding subsections (2) and (3). Omnibus Budget and Reconciliation Act of 1981, Pub.L. No. 97–35, 95 Stat. 357 (1981). In reenacting section 294f(g), Congress was presumably aware of section 1328(a)'s more general discharge provision and other previously enacted provisions of the Bankruptcy Code dealing with the discharge of educational loans. (citations omitted) To give meaning to both section 294f(g) and section 1328(a), section 294f(g) must be the limited exception to section 1328(a)'s general rule that educational loans are dischargeable. Accordingly, when any debtor is seeking to discharge an HEAL loan, he or she must meet the three requirements specified in section 294f(g).

*Id.*

8. *See* n. 6 and accompanying text.

The debtor contends that the proper test or standard for determining unconscionability under Section 294f(g)(2) should be the same test or standard used in determining "undue hardship" under Section 523(a)(8)(B). The Eighth Circuit Court of Appeals, in *In re Andrews*, 661 F.2d 702, 704 (8th Cir.1981), after noting that "undue hardship" is not defined in the Bankruptcy Code, cited with approval the Bankruptcy Commission's test or standard for determining undue hardship:

> ... the rate and amount of [the debtor's] future resources should be estimated reasonably in terms of ability to obtain, retain, and continue employment and the rate of pay that can be expected. Any unearned income or other wealth which the debtor can be expected to receive should also be taken into account. The total amount of income, its reliability, and the periodicity of its receipt should be adequate to maintain the debtor and [the debtor's] dependents, at a minimal standard of living within their management capability, as well as to pay the educational debt.

The Government, however, noting Webster's and Words and Phrases' definitions, insists that unconscionable under Section 294f(g)(2) requires a higher test or standard than a finding of undue hardship. Webster's defines unconscionable as "lying outside the limits of what is reasonable or acceptable" or "shockingly unfair, harsh or unjust." Words and Phrases defines unconscionable as "conduct that is monstrously harsh and shocking to the conscience."

Questions of what is unconscionable generally arise in contract matters involving consumer purchases in which the merchant is overreaching. *See, e.g., William v. Walker-Thomas Furniture Co.*, 350 F.2d 445 (D.D.C.1965). It has also been considered in commercial settings when the parties' relative bargaining power is grossly disproportionate. *See, e.g., Martin v. Joseph Harris Co., Inc.*, 767 F.2d 296 (6th Cir.1985); *see also Tharalson v. Pfizer Genetics, Inc.*, 728 F.2d 1108 (8th Cir.1984); money lending contract matters, *see, e.g.,*

*ITT Industrial Credit Co. v. Alex Cooley's Ballroom, Inc.*, 726 F.2d 1559 (11th Cir. 1984); in insurance contract matters, *see, e.g., C & J Fertilizer, Inc. v. Allied Mutual Ins. Co.*, 227 N.W.2d 169 (Iowa 1975); in employment contract matters, *see, e.g., St. Ex Rel. Hagen, Etc. v. Bismarck Tire Ctr.*, 234 N.W.2d 224 (N.D.1975); and in real estate sales contract matters, *see, e.g., Home Federal Sav. and Loan Ass'n of Algona v. Campney*, 357 N.W.2d 613 (Iowa 1984).

The Eighth Circuit, in *Geldermann & Co., Inc. v. Lane Processing*, 527 F.2d 571, 575 (8th Cir.1975), provided a standard for determining whether a particular contract for the sale of goods or one of its provisions is unconscionable:

> In assessing whether a particular contract or provision is unconscionable, the courts should review the totality of circumstances surrounding the negotiation and execution of the contract. Two important considerations are whether there is gross inequality of bargaining power between the parties to the contract and whether the aggrieved party was made aware of and comprehended the provision in question ... An equally important factor that must be balanced in making this determination is whether the provision is commercially reasonable 'according to the mores and business practices of the time and place' (citation omitted). ...

■ Although, admittedly, a sale of goods setting is different from a bankruptcy setting, the policy which underlies what is unconscionable in a sales setting, coupled with the plain meaning of that term, convinces the Court that unconscionable under Section 294f(g)(2) requires a higher standard than a finding of undue hardship. In a bankruptcy context, however, what is unconscionable defies precise definition and is better left to the discretion of the Bankruptcy Judge—unconscionability is likened to beauty in that it appeals to the senses and is found in the eyes of the beholder.

■ In any event, even if the Court did apply the undue hardship standard to the

instant facts, the debtor would still be denied discharge of his HEAL student loan debt. This is simply because the record does not reflect that denial of this debt is or will impose an undue hardship on the debtor. The debtor is healthy and college educated. While the Court believes that his academic dismissal from medical school and subsequent unsuccessful suit for reinstatement is unfortunate, it has not rendered him unable to work. Neither several years of under-employment nor beginning your own tire business constitutes undue hardship. The debtor's wife has been gainfully employed for the past several years and all family members are in good health. Finally, the interest and loan repayment terms are reasonable. Based on this, the Court finds that nondischarge of the debtor's HEAL student loan is not unconscionable as required by 42 U.S.C. § 294f(g)(2) and, therefore, holds that this debt is denied discharge.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bank.R.P. 7052 and F.R.Civ.P. 52. Counsel for the Government is directed to submit a proposed order and judgment in accordance with Bank.R.P. 9021.