**In re Stephen George CLEVELAND, Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**Stephen George CLEVELAND, Defendant.**

**Adv. No. C86–0182–H13.**
**Related Case: 85–05242–H13.**

United States Bankruptcy Court, S.D. California.

Sept. 17, 1986.

served, since none of these issues are before this

Peter K. Nunez, U.S. Atty., Robert H. Plaxico, Asst. U.S. Atty., San Diego, Cal., for plaintiff.

Robert S. Norwood, San Marino, Cal., for defendant.

Harry W. Heid, San Diego, Cal., Trustee.

### MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

### I.

### INTRODUCTION

This matter came before this Court on the motion of the United States of America ("United States") for summary judgment on its adversary complaint to determine dischargeability of a guaranteed student loan obtained by the debtor defendant, Stephen George Cleveland ("debtor") under the auspices of the Health Education Assistance Loan program ("HEAL"), 42 U.S.C. § 294.

At the hearing, this Court also considered the matter of the debtor's motion to strike the amended complaint as well as the motion of the United States to vacate the order of confirmation or to modify the Chapter 13 plan.

Court.

## II.

### STATEMENT OF FACTS

On August 30, 1983, the debtor obtained a HEAL loan in the amount of $12,000.00 through First American Bank, Washington, D.C., in order to attend the California School of Professional Psychology for his education in clinical psychology. Apparently, due to academic deficiencies, in May or June of 1984, the debtor was terminated from the doctorate program at California School of Professional Psychology. Thereafter, the debtor obtained a full time job as a mental health worker at a local hospital. He made no payments on the HEAL loan and on October 18, 1985 filed a petition under Chapter 13 of the Bankruptcy Code.

The original confirmation hearing was set for December 2, 1985, by Court notice dated October 23, 1985. However, that hearing date was subsequently vacated by the Court because of improper notice to creditors given by the Court. The confirmation hearing was rescheduled for January 9, 1986 by Court notice dated December 13, 1986. The Loan Servicing Center for the Student Loan Marketing Association ("SALLIE MAE") which had purchased and received an assignment of the debtor's HEAL note from First American Bank, received notice from the Bankruptcy Court of the debtor's confirmation hearing on December 16, 1985.

At the plan confirmation hearing on January 9, 1986, the Chapter 13 trustee objected to the debtor's plan *inter alia* on the ground that the plan was not proposed in "good faith". At the confirmation hearing, the debtor amended his plan by interlineation and thereby increased the monthly payments to the Chapter 13 trustee from $43.00 to $117.00 a month. The approximate result of the increased monthly payments over the 60 month life of the plan was to increase the percentage of repayment to unsecured creditors from approximately 3% to 18%. The United States did not appear at the hearing nor did it file written objections to the plan, which was confirmed as amended on January 9, 1986.

The United States initially filed its adversary proceeding objecting to the discharge of the HEAL loan on March 18, 1986. An amended complaint was filed on April 15, 1986. On May 13, 1986, the debtor filed his motion to strike the amended complaint and on June 24, 1986 the United States filed its motion for summary judgment. Additionally, on June 24, 1986, the United States filed its Motion to Vacate Order of Confirmation or to Modify Plan. The matters were consolidated for hearing by this Court.

## III.

### DISCUSSION

In its motion to vacate the order of confirmation or to modify the plan, the United States argues that the debtor's plan was not filed in "good faith". 11 U.S.C. § 1325(a)(3). This Court finds that the motion of the United States to vacate the previous order of this Court confirming the debtor's plan is untimely.

It is undisputed that the Loan Servicing Center for the United States received notice of the January 9, 1986 confirmation hearing on December 16, 1985. No written objection to the plan was filed nor was there an appearance by a representative of the United States. Further, the Court notes that the Chapter 13 trustee did file a "bad faith" objection which resulted in the debtor amending his plan to the satisfaction of the Chapter 13 trustee and this Court. There was no assertion by the United States that it did not receive notice or that notice was not timely. Indeed, the United States is silent as to why it did not raise its "good faith" objection prior to the confirmation hearing on January 9, 1986.

The United States also argues that the confirmed plan should be set aside because the confirmation order was procured by fraud. 11 U.S.C. § 1330. In support of this contention, the United States relies on *In re Chinichian*, 784 F.2d 1440 (9th Cir. 1986). This Court holds that *In re Chinichian* is not applicable to the facts in this case and further finds that the United

States does not support its argument that the confirmation order was procured by fraud with any competent evidence. Accordingly, the motion of the United States to vacate the order confirming the plan or to permit the United States to modify the plan is denied.

■ In its complaint, the United States argues that a HEAL loan is not dischargeable unless the three conditions required by 42 U.S.C. § 294f(g) are met. That section provides:

> (g) A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under Title 11 only if such discharge is granted—
>
> > (1) after the expiration of the 5–year period beginning on the first date, ... when repayment of such loan is required;
> >
> > (2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; and
> >
> > (3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of this section to the borrower and the discharged debt.

Section 294f(g) is an absolute prohibition against discharge of the loan in question prior to expiration of the five-year period commencing with the first date repayment begins. After the five year period expires, the loan may be discharged upon a finding by the Bankruptcy Court that nondischarge would be unconscionable. *In re Hampton,* 47 B.R. 47, 49 (Bankr.N.D.Ill.1985).

In this case, the debtor's repayment period begin on or about May 1, 1985. Consequently, the debtor's obligation would be precluded from consideration for discharge until April 30, 1990.

Generally, § 1328(a) of the Bankruptcy Code serves to discharge even those student loans listed in § 523(a)(8), which, in a Chapter 7 case, would not be discharged. Recent case law, however, establishes that the dischargeability of HEAL loans is not governed by § 523 or § 1328 but rather by

42 U.S.C. § 294f(g). *In re Johnson,* 787 F.2d 1179, 1182 (7th Cir.1986). Consequently, under the terms of § 294f(g), the debtor's HEAL obligation is not dischargeable within a Chapter 13 case.

In his motion to strike the amended complaint of the United States, the debtor contends that the debtor's confirmed plan of January 9, 1986 binds the United States and is thus *res judicata* regarding the issue of dischargeability presented in the amended complaint of the United States. 11 U.S.C. § 1327(a), *In re Blair,* 21 B.R. 316 (Bankr.S.D.Cal.1982); *In re Evans,* 30 B.R. 530 (9th Cir.1983). The United States contends that pursuant to Bankruptcy Rule of Procedure 4007(b) a complaint to determine dischargeability of a HEAL loan, because it quite clearly is not a complaint to determine dischargeability under § 523(c), may be filed at anytime. Specifically, Bankruptcy Rule 4007(b) provides:

> (b) *Time for Commencing Proceeding Other Than Under § 523(c) of the Code.* A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

The Bankruptcy Rules became effective as of August 1, 1983.

Bankruptcy Rule 4007(b) is in effect a statute of limitations. It provides a relatively short time frame for a creditor to object to the discharge of debts which arose under circumstances specified in § 523(c) of the Bankruptcy Code.

■ Further, complaints for dischargeability specified under § 523(c), which must be filed within a certain time as is provided by Bankruptcy Rule 4007(c), are only those which assert nondischargeability under §§ 523(a)(2), (4) or (6), none of which apply to this case. Therefore, in the absence of a specific statute of limitations either in the Bankruptcy Rules or in § 294f, this Court concludes that a complaint to determine the dischargeability of a HEAL loan may be filed at any time before the discharge is granted.

## IV.

### CONCLUSION

Accordingly, the Court finds that 42 U.S.C. § 294f(g) controls the discharge of HEAL loans and that the five year period required for discharge had not expired. The facts are undisputed in this case and inasmuch as there is no genuine issue of any material fact, the motion of the United States for summary judgment in the amount of $16,122.00 plus legal interest to the date of judgment and for post judgment interest at the legal rate, pursuant to 28 U.S.C. § 1961 is granted.

However, inasmuch as this Court confirmed the debtor's plan without objection by the United States on January 9, 1986, this Court holds that the United States is bound by the confirmed plan to accept, during the life of the plan, payment on the HEAL loan at the rate contemplated by the plan. Further, since the plan has been confirmed, the United States is barred from obtaining relief from stay, absent post confirmation default by the debtor, until the debtor obtains his discharge, at which time the debtor will be obligated to pay off the nondischarged remainder of the HEAL loan.

The debtor's motion to strike the amended complaint of the United States to determine dischargeability of HEAL loan shall be and hereby is denied.

This Memorandum Decision constitutes finding of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the United States shall prepare an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.