**In re Reva FEUER, D.P.M., Debtor.**

**Reva FEUER, D.P.M., Plaintiff,**

v.

**PENNSYLVANIA COLLEGE OF PODIATRIC MEDICINE, New York State Higher Education Service Center, Pennsylvania Higher Education Assistance Agency, Fund For Podiatric Medical Education, and United States of America, U.S. Department of Health and Human Services, Defendants.**

**Bankruptcy No. 94–15169SR.**
**Adv. No. 95–0057.**

United States Bankruptcy Court,
E.D. Pennsylvania.

May 22, 1996.

Steven B. Mirow, Philadelphia, PA, for debtor.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, PA, for U.S.

Arthur Lashin, Hayt, Hayt & Landau, Philadelphia, PA.

K. Kevin Murphy, PHEAA, Harrisburg, PA.

## OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

This matter comes before the Court upon the Motion of the Debtor, Reva Feuer (the "Debtor" or "Dr. Feuer"), pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and Rules 7002 and 9024 of the Federal Rules of Bankruptcy Procedure to *Vacate Order Granting Partial Summary Judgment In Favor Of Defendant United States and Against Plaintiff* (the "Motion"). A response in opposition to the Motion was filed by the United States. The issues have been fully briefed, and are thus ripe for adjudication. For the reasons which follow, the Debtor's Motion will be denied.

### Background

Dr. Feuer is a June 1986 graduate of the Pennsylvania College of Podiatric Medicine. As a student of podiatry, the Debtor applied for and received (at least) three student loans under the Health Education Assistance Loan ("HEAL") Program to finance her medical education with repayment scheduled to commence within ten months of graduation or withdrawal from school. In exchange for her student loans, Dr. Feuer executed promissory notes which include provisions detailing, among other things, the applicable interest rate, repayment terms, deferment, default, repayment insurance, as well as a "general term" which provides that "[t]he terms of this Note shall be construed according to the Law (42 U.S.C. 294–294*l*) and the Federal regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note." The reverse side of the promissory notes sets forth a *Statement of the Borrowers's Rights and Responsibilities*. The United States Department of Health and Human Services ("HHS") guaranteed repayment of the Debtor's HEAL loans.

The first HEAL loan Dr. Feuer obtained was through the Bank of Indiana on May 14, 1984. Repayment of that loan was scheduled to begin on May 1, 1987. However, the Debtor requested and was granted a number of forbearances such that she did not become obligated to begin repayment of the loan until November 1, 1989. Upon the Debtor's failure to keep her payments current thereafter, the holder of the note declared the loan in default and filed an insurance claim with HHS. HHS paid the claim and received an assignment of the underlying note.

Dr. Feuer obtained two additional HEAL loans through the Pennsylvania Higher Education Assistance Agency ("PHEAA") on December 12, 1985 and March 17, 1986. Repayment of those loans was scheduled to begin on May 15, 1987. However, the Debtor again requested and was granted a number of forbearances such that she did not become obligated to begin repayment of the second and third loans until May 15, 1991. Upon the Debtor's failure to keep her payments current thereafter, PHEAA also declared its loans in default. Judgment against Dr. Feuer on the notes was ultimately entered in the Court of Common Pleas of Philadelphia County, Pennsylvania. PHEAA then filed an insurance claim with HHS, which paid the claim and received an assignment of PHEAA's judgment.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 9, 1994. She filed the underlying adversary proceeding on February 1, 1995, seeking a discharge of the three HEAL loans which have been assigned to HHS, as well as loans made by the other Defendants, pursuant to 11 U.S.C. § 523(a)(8). The United States, on behalf of HHS, filed a Motion to Dismiss the Debtor's adversary proceeding and a Motion for Summary Judgment on September 7,

1995. In that respect, HHS argued that the dischargeability of HEAL loans is not governed by 11 U.S.C. § 523(a)(8), but rather is governed by the provisions of the Public Health Service Act, § 701–20, and 42 U.S.C. § 292–292p, specifically § 292f(g).

The HHS' Motions were served upon the Debtor and her bankruptcy counsel on September 12, 1995. On October 30, 1995, no response in opposition to HHS' Motions having been filed by the Debtor, the United States filed a certificate of uncontested motion. On November 13, 1995, the Court entered partial summary judgment in favor of HHS and dismissed the adversary proceeding against HHS. The Debtor did not appeal this decision of the Court, nor did she seek reconsideration.

The Debtor's bankruptcy counsel filed a Motion for Withdrawal of Representation on January 18, 1996. The Court held a hearing on that Motion on January 24, 1996, at which time the Debtor appeared and stated that she did not oppose counsel's Motion for Withdrawal, whereupon the Motion was granted.

On March 14, 1996, after obtaining substitute bankruptcy counsel, the Debtor filed the instant Motion which relies on Rule 60(b)(6) of the Federal Rules of Civil Procedure, and seeks to vacate the Court's November 13, 1995 Order granting partial summary judgment in favor of HHS. The Debtor now argues that the applicable dischargeability statute in existence at the time she signed the promissory notes for the HEAL loans, 42 U.S.C. § 294f(g), is the controlling statute and should be applied in the underlying adversary proceeding to determine whether her obligations under the HEAL loans are dischargeable. Under 42 U.S.C. § 294f(g), a debt arising from a HEAL loan may be

discharged in bankruptcy under any chapter of Title 11 "after the expiration of a 5–year period beginning on the first date ... when repayment of such loan is required (including any period after such date in which the obligation to pay installments on the loan has been suspended.)" [1] The Debtor argues further that sufficient grounds exist here to vacate the Court's partial summary judgment Order under Rule 60(b)(6).

HHS, in turn, filed a response in opposition to the Debtor's Motion wherein it reiterated its position that 42 U.S.C. § 292f(g) (rather than 42 U.S.C. § 294f(g)), is the controlling statute in this instance, because § 292f(g) was in effect at the time the Debtor filed her bankruptcy petition. Under 42 U.S.C. § 292f(g), a debt arising from a HEAL loan may be discharged in bankruptcy under any chapter of Title 11, "only if such discharge is granted after the expiration of the seven year period beginning on the first date when repayment of such loan is required, exclusive of any period after such date in which the obligation to pay installments on the loan has been suspended." [2] HHS argues, moreover, that no basis exists here upon which the Court should exercise its discretion and grant relief to the Debtor under Rule 60(b)(6).

The Debtor acknowledges that the seven year period required under 42 U.S.C. § 292f(g) for a bankruptcy discharge of her debt arising from the HEAL loans has not expired. Thus, as the Debtor acknowledges, if the Court determines that § 292f(g) should be applied in the Debtor's underlying dischargeability proceeding, her Motion for relief under Fed.R.Civ.P. 60(b)(6) from the Court's Order granting partial summary judgment in favor of HHS will be moot.

---

1. 42 § 294f provides in relevant part:
    (g) **Discharge in bankruptcy.**
    A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under any chapter of Title 11 only if such discharge is granted—
    (1) after the expiration of the 5 year period beginning on the first date, as specified in subparagraphs (B) and (C) of section 294(a)(2) of this title, when repayment of such loan is required;

2. 42 § 292f provides in relevant part:

    (g) **Conditions for discharge of debtor in bankruptcy**
    A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under any chapter of Title 11, only if such discharge is granted—
    (1) after the expiration of the seven-year period beginning on the first date when repayment of such loan is required, exclusive of any period after such date in which the obligation to pay installments on the loan is suspended;

## Discussion

▮▮▮ Generally, a court should apply the law in effect at the time of the debtor's bankruptcy filing, particularly the applicable discharge provisions, absent clear Congressional intent to do otherwise.[3] *In re Nelson,* 183 B.R. 972, 975 (Bankr.S.D.Fla.1995) (citations omitted). It is noteworthy, therefore, that Congress amended § 294(f)g, by enacting § 292f(g), for the express purpose of "[t]ighten[ing] standards under which students defaulting on Federally insured HEAL loans may discharge those debts in bankruptcy." H.R.Conf.Rep. No. 103–100, 103rd Cong., 1st Sess. 2 (1993), *reprinted in* 1993 U.S.C.C.A.N. 298.

Notwithstanding her acknowledgement of the above general rule, the Debtor argues that § 294f(g) is the controlling statute which should be applied to determine whether her obligations under the HEAL loans are dischargeable in this instance. In that regard, the Debtor argues that the enactment of § 292f(g), which became effective June 10, 1993, *see* section 2101 of Pub.L. 103–43, more than a year before the Debtor filed for relief under Chapter 7 on August 14, 1994, does not affect her contractual rights under the promissory notes. The crux of the Debtor's argument is that pursuant to the express language of the promissory notes, she has a contractual right to seek the discharge of her HEAL loans in bankruptcy under provisions of § 294f(g). The Debtor argues therefore that application of § 292f(g)'s increased, threshold 7–year dischargeability period

(rather than § 294f(g)'s 5–year period) in her underlying dischargeability proceeding is an impairment of her contractual rights under the promissory notes and therefore a violation of the Contract Clause, U.S. Const., Art. 1, § 10, and the Due Process Clause of the Fifth Amendment.

▮▮▮ The Debtor's arguments are unavailing. In the first instance, the Contract Clause prohibits states, not the federal government, from enacting laws that will impair the obligations of contracts. *City of New Brunswick v. Borough of Milltown,* 686 F.2d 120, 126 n. 5 (3d Cir.1982).[4] On the other hand, the Fifth Amendment's prohibition of the deprivation of property without due process does place constraints on the federal government with respect to contract impairment. *Id.,* citing *Lynch v. United States,* 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434 (1934).

Hence, the Court must determine whether application of § 292f(g)'s longer, threshold 7–year dischargeability period is an impairment of the Debtors' contractual rights under the Due Process Clause of the Fifth Amendment. On this issue, the Court agrees with the existing judicial authority that application of a more stringent discharge provision than existed at the time a debtor enters into a HEAL loan obligation does not violate the Debtor's due process rights under the Fifth Amendment. *In re Hampton,* 47 B.R. 47 (N.D.Ill.1985); *accord, United States v. Rice,* 182 B.R. 759 (N.D.Ohio 1994).[5]

As the *Hampton* court explained:

---

**3.** As the Court explained in *Matter of Flamini,* 19 B.R. 303 (Bankr.E.D.Mich.1982):

It must be presumed that a decision to begin a bankruptcy proceeding is not made lightly. The decision to file a petition is reached by a debtor after discussion with his attorney as to the advantages and disadvantages of such action. The single most important factor is this decision is the scope of the discharge: which of the debtor's obligations will be dischargeable and which will have to be paid. The debtor files a bankruptcy petition in reliance on existing law.
*Id.* at 306.

**4.** The Contract clause provides, in relevant part, that: "No State shall ... pass any ... Law impairing the Obligations of Contracts...." U.S. Const., Art. 1, § 10.

**5.** By way of background, the Court notes that an analogous issue was presented in *Hampton* and *Rice.* At issue was whether the discharge provisions of 11 U.S.C. § 523(a)(8) or the discharge provisions of 42 U.S.C. § 294(f)(g) (§ 292f(g)) should be applied in the debtors' underlying cases to determine whether or not their HEAL loan obligations were dischargeable, since the each of the debtors, Mr. Hampton and Ms. Rice, originally obtained their HEAL loans at a time when the discharge provisions of Title 42 were not in effect. In each instance, however, the discharge provisions of Title 42 had been enacted before the respective debtors filed their bankruptcy petition.

As the *Rice* court noted, the "unconscionability" standard of § 292f(g) poses a significantly more burdensome standard than the "undue hardship" set forth in § 523(a)(8). *Rice,* 182 B.R. at 761 (citations omitted).

In order to establish a violation of the Due Process provisions of the Fifth Amendment, debtor must show that retroactive application of 42 U.S.C. § 294f(g) would deprive him of a "property right." The Court finds that there is no "property right" in the right to a bankruptcy discharge provision of a contract. Bankruptcy discharge is not subject to contractual negotiation nor is it a term of contract such as the principal amount, interest rate, repayment period or security.

Discharge in bankruptcy is a privilege not a right. *Stellwagen v. Clum,* 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918). Only Congress can dictate the provisions for discharge in bankruptcy. U.S. CONST. Art I, § 8, cl. 4. Congress has the constitutional power to provide for the discharge of "certain debts" and to except "certain debts" from discharge. *Stellwagen v. Clum,* 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918). Congress has concluded that medical profession students who are granted loans under the Public Health Service Act H.E.A.L. program may not receive a discharge of the loan in bankruptcy prior to the expiration of the first five years after repayment commences.

Because discharge in bankruptcy is a statutory privilege, there is no "property right" in a bankruptcy discharge. Debtor having no contractual "property" in, or "right" to discharge, the application of a bankruptcy discharge law enacted after the debtor signed his promissory note is not a violation of his constitutional rights. To hold otherwise would establish a property right where none exists.

*Id.,* 47 B.R. at 50.

For these reasons, the Court rejects the Debtor's argument that § 294f(g) is the controlling statute. The application of § 292f(g) to Debtor's HEAL loans is not violative of any protected property interest, and therefore, since it was in effect when the Debtor filed her Chapter 7 petition, it is the controlling statute for purposes of the underlying dischargeability proceeding. Since the Debtor acknowledges that § 292f(g)'s 7–year threshold period has not expired, it is not necessary to address the Debtor's request for relief under Fed.R.Civ.P. 60(b)(6). Accordingly, the Debtor's Motion will be denied.

An Order consistent with the foregoing conclusions accompanies this Opinion.

## ORDER

AND NOW, this 22nd day of May 1996, upon consideration of the Debtor's Motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to *Vacate Order Granting Partial Summary Judgment In Favor Of Defendant United States and Against Plaintiff* (the "Motion"), it is

**ORDERED** for the reasons set forth in the accompanying Opinion, that the Debtor's Motion shall be and hereby is denied.