**In re Nathan James UDELL, Debtor.**

**Nathan James Udell, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 02–22917T.
Adversary No. 02–2502.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 20, 2004.

Megan M. McDonald, Esquire, Hellertown, PA, for Debtor/Plaintiff.

Virginia R. Powel, Esquire, U.S. Attorney's Office, Philadelphia, PA, for the United States of America.

## MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI,
Bankruptcy Judge.

The issue presented in this adversary proceeding is whether 11 U.S.C. § 523(a)(8) or 10 U.S.C. § 2005(d) controls the "dischargeable nature" of the obligation owed by Plaintiff to Defendant. For the reasons set forth herein, we conclude that the dischargeability of Plaintiff's obligation to Defendant is governed by 10 U.S.C. § 2005(d) and we, therefore, enter judgment on the complaint in favor of Plaintiff and find the obligation dischargeable.

We begin by noting that no trial was held in this adversary proceeding as the parties requested to forego trial in favor of submitting the matter for decision based upon a Joint Stipulation of Facts. A brief summary of the Joint Stipulation of Facts follows.

Plaintiff entered the United States Air Force Academy (USAFA) as a cadet in July of 1993. Plaintiff completed three full academic years at the USAFA from July 1, 1993 to August 2, 1996. When he enrolled in the USAFA, Plaintiff signed a statement (known as the Record of Acceptance, Obligation, Reimbursement and Oath of Allegiance [USAFA Form 3–205]) acknowledging that, as a condition to his appointment as a cadet, he incurred an obligation to serve at least eight years in military status. Plaintiff further agreed that in the event he failed to graduate, he might be required to reimburse Defendant for the cost of his education if he did not complete his active duty service obligation. On April 24, 1996, the Military Review Committee convened and recommended that Plaintiff be disenrolled due to misconduct. Plaintiff was discharged from cadet status on July 31, 1996. Plaintiff's agreement to serve on active duty in the United States Air Force ended on or about July

31, 1996. As a result of his early discharge from the United States Air Force, Plaintiff became indebted to Defendant in the amount of $123,692.00 (comprised of $88,936.00 principal, plus interest and administrative charges), which represents the cost of Plaintiff's education at the USAFA. *See* Plaintiff's Exhibit 7, admitted into evidence by paragraph 17 of the parties' Joint Stipulation of Facts.

At issue is whether the dischargeability of this indebtedness is controlled by the Bankruptcy Code, specifically 11 U.S.C. § 523(a)(8), or Title 10 (Armed Services) of the United States Code, specifically 10 U.S.C. § 2005(d). We begin by reviewing both of these statutes.

11 U.S.C. § 523(a)(8) provides, in relevant part, that:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–

. . .

(8) for an educational benefit, overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

. . .

10 U.S.C. § 2005 provides, in relevant part, that:

*(a)* The Secretary concerned may require, as a condition to the Secretary providing advanced education assistance to any person, that such person enter into a written agreement with the Secretary concerned under the terms of which such person shall agree–

*(1)* to complete the educational requirements specified in the agreement and to serve on active duty for a period specified in the agreement;

*(2)* that if such person fails to complete the education requirements specified in the agreement, such person will serve on active duty for a period specified in the agreement;

*(3)* that if such person, voluntarily or because of misconduct, fails to complete the period of active duty specified in the agreement, or fails to fulfill any term or condition prescribed pursuant to clause (4), such person will reimburse the United States in an amount that bears the same ratio to the total cost of advanced education provided to such person as the unserved portion of active duty bears to the total period of active duty such person agreed to serve; and

*(4)* to such other terms and conditions as the Secretary concerned may prescribe to protect the interest of the United States.

*(b)* The Secretary concerned shall determine the period of active duty to be served by any person for advanced education assistance to be provided such person by an armed force, except that if the period of active duty required to be served is specified under another provision of law with respect to the advanced education assistance to be provided, the period specified in the agreement referred to in subsection (a) shall be the same as the period specified in such other provision of law.

*(c)* Subject to the provisions of subsection (d), the obligations to reimburse the United States under an agreement described in subsection (a) is, for all purposes, a debt owing to the United States.

*(d)* A discharge in bankruptcy under Title 11 shall not release a person from an obligation to reimburse the United States required under the terms of an agreement described in subsection (a) if the final decree of the discharge in bankruptcy was issued within a period of five years after the last day of a period which such person had agreed to serve on active duty. This subsection applies to a discharge in bankruptcy in any proceeding which begins after September 30, 1978.

As can be seen from a review of these statutes, both deal with the dischargeability of educational obligations or loans. However, Title 10 is the more specific statute targeted only to educational obligations arising in connection with service in the armed forces. As such, we find that Title 10 controls whether Plaintiff's educational obligation to Defendant is dischargeable. Our decision finds support both within the confines of the general rules of statutory construction, which instruct that "a more specific statute will be given precedence over a more general one, regardless of their temporal sequence," *Busic v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *see also Matter of Johnson,* 787 F.2d 1179, 1181 (7th Cir.1986), and in caselaw which holds that the more specific statute governing the dischargeability of specific types of educational loans (in these cases, Health Education Assistance Loans ("HEAL"), and specifically, 42 U.S.C. § 294f(g), now recodified at 42 U.S.C. § 292f(g)), controls the dischargeability of educational loans granted under the more specific statute and not the more general dischargeability section found in the Bankruptcy Code (i.e., 11 U.S.C. § 523(a)(8)), *see Johnson,* 787 F.2d at 1181–82; *United States v. Rushing,* 287 B.R. 343, 350 (D.N.J.2002); *United States v. Rice,* 182 B.R. 759, 760–61 (N.D.Ohio 1994), *aff'd* 78 F.3d 1144, 1147 n. 3 (6th Cir.1996); *Feuer v. Pennsylvania College of Podiatric Medicine (In re Feuer),* 195 B.R. 866, 869 n. 5 (Bankr.E.D.Pa.1996).

Our decision also finds support in the factual record before us. To explain, Plaintiff's obligation to Defendant arises from Plaintiff's execution of the Record of Acceptance, Obligation, Reimbursement and Oath of Allegiance which document makes specific reference to and summarizes 10 U.S.C. § 2005 in the section titled "Reimbursement Obligation if Cadet Fails to Graduate." *See* Plaintiff's Exhibit 1, admitted into evidence by paragraph 17 of the parties' Joint Stipulation of Facts. In addition, Defendant's responses to various discovery requests recognize that the obligation in issue arose under 10 U.S.C. § 2005. Specifically, in Response to Interrogatory No. 4 served upon Defendant by Plaintiff, which reads: "Explain the basis for Defendant's assertion that the Subject Monies were provided to Plaintiff as a loan," Defendant responded as follows: "Plaintiff's debt to the government arises under 10 U.S.C. § 2005 and 10 U.S.C. § 9348 and is not considered a student loan." *See* Plaintiff's Exhibit 10, admitted into evidence by paragraph 17 of the parties' Joint Stipulation of Facts. Furthermore, in response to Plaintiff's Request for Production of Documents, Request No. 8 served upon Defendant by Plaintiff, which sought: "[a]ny and all documentation serving to characterize the nature of the Subject Monies as a loan obligation owed by Plaintiff to Defendant," Defendant responded as follows: "None. Plaintiff's debt to the government arises under 10 U.S.C. § 2005 and 10 U.S.C. § 9348 and is not considered a student loan." *See* Plaintiff's Exhibit 11, admitted into evidence by paragraph 17 of the parties' Joint Stipulation of Facts.

In conclusion, we find that Title 10, specifically 10 U.S.C. § 2005(d), controls the dischargeability of Plaintiff's obligation to Defendant and that this obligation is dischargeable under Title 10, *see* 10 U.S.C. § 2005(d).

An appropriate Order follows.

### ORDER

AND NOW, this 20th day of December, 2004, it is ORDERED that JUDGMENT ON THE COMPLAINT IS ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT and the obligation in issue is hereby determined to be DISCHARGEABLE under 10 U.S.C. § 2005(d).