In re Russell C. BROWN and Natalie Brown, Debtors.

UNITED STATES of America, Plaintiff,

v.

Russell C. BROWN, Defendant.

Bankruptcy No. 86 B 13323.
Adv. No. 86 A 1357.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Nov. 16, 1987.

Stephen J. Costello, Raymond J. Costello, Costello & Costello, Carpentersville, Ill., for debtors.

Anton R. Valukas, U.S. Atty., Barbara F. Lazarus, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter comes before the Court on an adversary proceeding filed by the United States of America ("U.S.") to determine the dischargeability of a debt of Debtor/Defendant Russell C. Brown ("debtor"). Both parties have filed motions for summary judgment and memoranda in support thereof. The Court, having reviewed all of the pleadings and affidavits, hereby grants the U.S.'s motion for summary judgment and denies the debtor's motion for summary judgment.

## FACTS

The debtor attended the Michigan State University College of Human Medicine from the beginning of the academic school year of 1980 until February 2, 1982. During that time, the debtor participated in the National Health Service Corps. ("NHSC") Scholarship Program, 42 U.S.C. § 294 et. seq., redesignated 42 U.S.C. § 254l et. seq.[1] Pursuant to the program, the U.S. awarded scholarships to the debtor for tuition, fees, stipends and payments for other reasonable educational expenses so long as the debtor remained enrolled full-time in an accredited medical school. The total amount paid by the U.S. was $35,311.00.

Pursuant to the terms of the contract between the debtor and the then U.S. Department of Health, Education and Welfare (now the Department of Health and Human Services), the debtor agreed that upon completion of his medical education, he would serve for two years as a commissioned officer in the Public Health Service or as a civilian member of the NHSC. Additionally, the contract provided that in the event debtor terminated his academic studies pri-or to receiving his degree, he would be liable for the repayment of the total amount of his scholarship award within three years of such termination.

On February 2, 1982, the debtor withdrew from the Michigan State University College of Human Medicine, and therefore failed to obtain a medical degree. On August 19, 1982, the NHSC received notification that defendant was no longer enrolled as a student at the Michigan State University College of Human Medicine. The NHSC notified the debtor by letter dated September 15, 1982, that he was in breach of his contract by terminating his enrollment as a full-time student in medical school. In a subsequent letter dated November 5, 1982, the debtor was again informed that he was in default of the contract and that his obligation to repay the scholarship awards would become due on December 15, 1985. As of August 28, 1986, no part of the $36,561.56 debt had been paid to the Plaintiff.[2]

On August 28, 1986, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On November 24, 1986, the U.S. filed a complaint to determine dischargeability alleging that pursuant to 42 U.S.C. § 254o (c)(3) the debtor's obligation to repay his NHSC scholarship was a nondischargeable debt. The debtor filed an answer to the Complaint alleging that a denial of the dischargeability of the debt in question would impose an undue hardship on himself and his family, relying on § 523(a)(8) of the Bankruptcy Code. Subsequently, both parties filed motions for summary judgment.

### Discussion

The U.S. relies on 42 U.S.C. § 254o in support of its argument that the debtor is not entitled to discharge his NHSC obligation in any bankruptcy case.

42 U.S.C. § 254o (a) states in part:

---

**1.** Sections 294t et. seq. were redesignated §§ 254l et. seq. by Pub.L. 97–35, effective August 13, 1981.

**2.** This figure includes the interest that has accrued on the stipends received.

An individual who has entered into a written contract with the Secretary under section 254*l* and who—

(3) voluntarily terminates the training in such an educational institution for which he is provided a scholarship under such contract, before the completion of such training ...

. . . . .

in lieu of any service obligation arising under such contract, shall be liable to the United States for the amount which has been paid to him, or on his behalf, under the contract.

42 U.S.C. § 254*o* (a)(3)

Further, § 254*o* (c)(3) states:

Any obligation of an individual under the Scholarship Program (or a contract thereunder) for payment of damages may be released by a discharge in bankruptcy under Title 11 of the United States Code only if such discharge is granted after the expiration of the five year period beginning on the first date that payment of such damages is required.

42 U.S.C. § 254*o* (c)(3)

The debtor admits that the debt is of the type governed by 42 U.S.C. § 254*l et seq.* In addition the debtor admits that he was not granted his discharge after December 16, 1990, which would be five years after the first date he was supposed to repay the U.S. his NHSC scholarships.

11 U.S.C. § 523(a)(8) provides in part: A discharge under section 727 ... does not discharge an individual debtor from any debt—

(8) for an education loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a non profit institution unless—

(A) such loan first became due before five years ... before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

11 U.S.C. § 523(a)(8)(A), (B).

The problem the Court must resolve in this proceeding is the apparent conflict created between 11 U.S.C. § 523(a)(8) and 42 U.S.C. § 254*o* (a)(3) by the use of the word "only" in the latter statute. The Bankruptcy Code allows for the discharge of a debt for a student loan if requiring repayment of that debt would cause the debtor and the debtor's family undue hardship even if payment was first due on the student loan less than five years before the bankruptcy petition was filed. On the other hand 42 U.S.C. § 254*o* is absolute. No discharge of any obligation to repay an NHSC scholarship at any time during the five year period is permitted.[3] The result under 42 U.S.C. § 254*o* is a per se result, determined entirely objectively without reference to subjective questions such as the hardship a repayment might work on a debtor and the debtor's family.

■ The two statutes at issue concern the same subject matter, that is, the discharge of student loans in bankruptcy. When two statutes deal with the same subject matter, they are to be read in *pari materia* and harmonized whenever possible. *Matter of Johnson,* 787 F.2d 1179, 1181 (7th Cir.1986); *Matter of Robison,* 665 F.2d 166, 171 (7th Cir.1981). However, if the two statutes cannot be harmonized, the specific statute controls over the general one "without regard to priority of enactment". *Busic v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 1752, 64 L.Ed.2d 381 (1980); *United States v. Olinger,* 759 F.2d 1293, 1299 (7th Cir.), *cert. denied,* 474 U.S. 839, 106 S.Ct. 120, 88 L.Ed.2d 98 (1985).

■ Bankruptcy Code § 523(a)(8) was enacted as part of the "Bankruptcy Reform Act of 1978" which became effective on October 1, 1979. The National Health Ser-

---

**3.** The two five year periods do differ. The question of a five year bar to dischargeability under 11 U.S.C. § 523(a)(8) is determined with reference to the date of the petition. The five years under 42 U.S.C. § 254*o* is determined based on the date of discharge. The difference is not significant in this decision although it could be in other cases.

vice Corps Scholarship Program 42 U.S.C. § 254*l et. seq.*, was enacted as part of the Health Professions Educational Assistance Act of 1976 and became effective October 1, 1977. The Bankruptcy Code provides for the discharge of student loans generally, while the Health Professions Educational Assistance Act is specifically concerned with the discharge of NHSC Scholarship Program loans.

As applied to the facts before the Court in this proceeding, the two statutes cannot be read in *pari materia*. The Bankruptcy Code permits discharge of the debtor's NHSC obligation if the debtor can sustain the burden of showing that requiring repayment would work an undue hardship. The NHSC provision absolutely prohibits discharge of the obligation. The conflict is irreconcilable.[4] 42 U.S.C. § 254*o* (c)(3), being the more specific statute, dealing solely with the dischargeability of National Health Service Corps scholarship repayments, therefore controls the discharge of the debtor's loan.[5]

*The Standard For Summary Judgment*

 To prevail in a motion for summary judgment, a party must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure made applicable to adversary proceedings in the Bankruptcy Court by Bankruptcy Rule 7056.

Fed.R.Civ.P. 56 reads in part:

[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56.

In a motion for summary judgment, the burden is on the moving party to show that no issue of material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Further, all doubts regarding issues of material fact must be viewed in light favoring the non-moving party. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1961). All inferences must be construed in favor of the movant's opponent. *United States v. Diebold Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Cross motions for summary judgment do not warrant granting summary judgment unless one moving party is entitled to a judgment as a matter of law upon facts not genuinely disputed. *In re Alithochrome Corp.*, 53 B.R. 906 (Bankr.S.D.N.Y.1985); *Heyman v. Commerce and Industry Insurance Com-*

**4.** The Court does not have to resolve the question of which statute would control if the debtor filed a bankruptcy less than five years after payment was first due but received a discharge more than five years after payment was first due on the NHSC obligation. *See* note 3, *supra.*

**5.** Further support for the conclusion that 42 U.S.C. § 254*o* controls over § 523(a)(8) of the Bankruptcy Code is found in *Matter of Johnson*, 787 F.2d 1179 (7th Cir.1986). In *Johnson,* the court was dealing with the question of whether a debt arising under a similar federal student health education loan program, the Health Education Assistance Loan ("HEAL") program, was dischargeable in a Chapter 13 case. The court ruled that 42 U.S.C. § 294f(g), controlled over the discharge and dischargeability provisions of the Bankruptcy Code. The analysis in *Johnson* seems applicable to this proceeding as well. While it is true that the nonbankruptcy code dischargeability provision in issue in *Johnson* was reenacted and made more stringent after the enactment of the Bankruptcy Code, the fact is that the provision in dispute in this matter, 42 U.S.C. § 254*o* was renumbered and amended in 1981, after the enactment of the Bankruptcy Code in 1978. Pub.L. 97–35. Therefore, it is safe to assume that Congress was aware of the apparent conflict between § 523(a)(8) of the Bankruptcy Code and 42 U.S.C. § 254*o* at that time and intended that the latter retain its viability. Otherwise, Congress would have repealed the appropriate portions of 42 U.S.C. § 254*o* rather than renumbering and amending the provision as a whole. There was no need for Congress to reenact 42 U.S.C. § 254*o* (c)(3) because unlike 42 U.S.C. § 294f(g), the former provision was not specifically repealed by the enactment of the Bankruptcy Code. In fact, the repeal of 42 U.S.C. § 294f(g) by 11 U.S.C. § 523(b) of the Bankruptcy Reform Act would lead to the conclusion that Congress did not intend to repeal 42 U.S.C. § 254*o* (c)(3) by implication or otherwise under the doctrine of *expressio unius est exclusio alterius.*

*pany,* 524 F.2d 1317 (2d Cir.1975). As previously stated in this opinion, this Court holds that the question of whether the debtor's obligation to repay his NHSC scholarship may be included in the discharge he received in this Chapter 7 case is to be determined by reference to 42 U.S.C. § 254*o* (c)(3) not 11 U.S.C. § 523(a)(8). Therefore the question of undue hardship is irrelevant.[6] Instead, the only question is whether the five year period defined by 42 U.S.C. § 254*o* (c)(3) has run, and it is undisputed that it has not. Thus, there being no genuine issue of material fact, the U.S.'s motion for summary judgment is granted. The debtor's motion for summary judgment is denied.

IT IS HEREBY ORDERED that the motion for summary judgment of the United States of America is granted and the National Health Service Scholarship program debt of debtor/defendant Russel C. Brown is determined to be nondischargeable.

---

6. Because of the Court's view as to the controlling statutory provision, the Court need not address the question of whether the debtor has made an adequate showing of undue hardship under § 523(a)(8).