**UNITED STATES of America, Plaintiff,**

v.

**Judith L. PUTZI, Defendant.**

**Civ. No. C–1–86–0290.**

United States District Court,
S.D. Ohio, W.D.

Aug. 4, 1988.

Barbara L. Beran, Asst. U.S. Atty., Columbus, Ohio, for plaintiff.

David J. Boyd, Cincinnati, Ohio, for defendant.

MEMORANDUM AND ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon Plaintiff's Motion for Summary Judgment (doc. 6) and the documents filed in opposition and reply thereto. The Court has reviewed the arguments made by the parties and has applied the principles of controlling law to the facts presented. The legal standard for consideration and disposition of issues on summary judgment is well-settled.

Summary judgment is proper "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). The evidence presented on a motion for summary judgment is construed in favor of the party opposing the motion who is given the benefit of all favorable inferences that can be drawn therefrom. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). "The mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986) (original emphasis).

Summary judgment should not be granted unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id.*

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 472, 82 S.Ct. 486, 490–91, 7 L.Ed.2d 458 (1962). "[T]he issue of material fact required by Rule 56(c) ... to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." *First National Bank v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979), the United States Supreme Court has recently stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather than as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). According to the Su-

preme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is inappropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id.* 106 S.Ct. at 2553; *Anderson,* 106 S.Ct. at 2511.

The Court finds the following to be the facts material to the resolution of the issue presented; a review of the record and of the arguments advanced by both parties indicate that these facts are not in dispute: Defendant received five Health Education Assistance Loans (HEAL) for the cost of her medical education. The repayment period was scheduled to begin on June 1, 1983. Defendant made no payments, however, and failed to respond to several demands for payment. On March 27, 1984, defendant filed a Chapter 7 petition in bankruptcy.

Under the HEAL program, the United States Department of Health and Human Services (HHS) fully guarantees the amount of a loan to the holder of the note in the event of default or bankruptcy. Consequently, the holders of the notes filed claims with HHS, and HHS paid them the respective amounts. Defendant has made no payment on the notes to the government.

Defendant argues that this debt was discharged in bankruptcy. Under the HEAL statute, however, a HEAL loan is not dischargeable in bankruptcy unless five years from the beginning of the repayment period have expired. Since defendant's repayment period began June 1, 1983, her loans were not discharged by the filing of a bankruptcy petition in March of 1984. Furthermore, defendant admits that she did not list the HEAL loans in her petition (doc. 12), thus they could not have been discharged in bankruptcy.

Defendant further asserts that it would be inequitable to grant summary judgment to the plaintiff based upon the affirmative defenses of res judicata, laches, estoppel and statute of limitations because the plaintiff was aware that defendant filed bank-

ruptcy, but took no action to participate in these proceedings. Defendant cites no authority, however, imposing a duty on the government to join in the bankruptcy proceedings. Furthermore, even if the plaintiff had participated in the bankruptcy proceedings and insisted that the HEAL loans be listed, the loans still would not have been dischargeable in bankruptcy. 42 U.S. C. 294f(g) and 42 C.F.R. § 60.8(b)(5).

Based upon the foregoing, and in viewing the evidence and all inferences to be drawn therefrom in the light most favorable to the defendant, the Court finds no genuine issue as to any material fact, and finds that plaintiff is entitled to judgment as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment (doc. 6) is hereby GRANTED and judgment shall be entered in favor of plaintiff in the amount of $48,164.30 plus interest at the rate of $15.83 per day from June 30, 1985 to this date, plus legal interest from this date, and costs.

IT IS SO ORDERED.