**UNITED STATES of America, Plaintiff,**

**v.**

**James T. ERKARD, Defendant.**

**No. 5:95 CV 479.**

United States District Court,
N.D. Ohio,
Eastern Division.

July 25, 1996.

Alexander A. Rokakis, Office of the U.S. Attorney, Cleveland, OH, for plaintiff.

Marc P. Gertz, Goldman & Rosen, Akron, OH, for defendant.

James T. Erkard, Canton, OH, pro se.

### ORDER

SAM H. BELL, District Judge.

Currently before the court is plaintiff's motion for summary judgment, (docket # 9), filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, the United States, seeks payment from defendant James T. Erkard as a result of his default on two promissory notes executed in connection with his receipt of two Health Education Assistance Loans (HEAL) in the early eighties. Defendant denies owing on the loans, claiming that the debt was discharged in bankruptcy. The United States contends that, despite the discharge to which defendant refers, he remains liable. This court agrees.

■ In 1981 defendant James Erkard received two HEAL loans. "HEAL loans are provided by private lenders for the education of health professionals but are fully guaranteed by the Department of Health and Human Services." *Matter of Johnson,* 787 F.2d 1179, 1180 n. 1 (7th Cir.1986). At some point, Mr. Erkard's loans were purchased by the Student Loan Marketing Association/Loan Servicing Center (SLMA/LSC). Mr. Erkard was scheduled to begin repayment on November 1, 1985, but he made no payments and failed to respond to multiple demands for payment. On July 26, 1989, Erkard filed a Chapter 7 petition with the United States Bankruptcy Court and listed SLMA/LSC as an unsecured creditor. The United States was not a scheduled creditor.

■ On August 11, 1989, the SLMA/LSC filed a proof of claim with the Bankruptcy Court, assigned the claim to the United States, and on the same day, filed an insurance claim with the United States Department of Health and Human Services. "Under the HEAL program, the United States Department of Health and Human Services (HHS) fully guarantees the amount of a loan to the holder of the note in the event of default or bankruptcy." *United States v. Putzi,* 91 B.R. 42, 43 (S.D.Ohio 1988). Thus, when SLMA/LSC filed a claim with HHS, HHS paid them the amount due, and SLMA/LSC assigned the notes to the United States. Accordingly, the United States became a creditor of Mr. Erkard based on its status as assignee of the notes, this being in addition to its preexisting status as a creditor based upon its position as the guarantor of the same notes.

Erkard filed two Adversary Complaints in the Bankruptcy Court, one against the Loan Servicing Center, and one against the Ohio College of Podiatry. The United States was never added as a party to the Adversary Proceeding against the Loan Servicing Center. On December 21, 1989, based on the Loan Serving Center's failure to answer or otherwise plead, the Bankruptcy Court entered default judgment and ordered the student loan discharged.

On March 1, 1995, the United States instituted this civil action against Mr. Erkard seeking to recover on the two notes assigned to it by SLMA/LSC. Defendant answered the complaint by denying that he owed the debt inasmuch as it had been discharged in bankruptcy. Plaintiff now moves for summary judgment on its claim.

■ Plaintiff advances several arguments in support of summary judgment, the most compelling of which relates to defendant's attempt to utilize the default judgment obtained against the Loan Servicing Center to prevent this attempt at collection by the United States. Two rules of law convince this court that plaintiff's motion for summary judgment must be granted. First, the circumstances at issue here are not such that a default judgment against the United States is permissible. Second, the United States was not properly scheduled as a creditor, thus making Erkard liable to the government despite his discharge in bankruptcy.

Two default judgments were entered in the bankruptcy proceedings in relation to Mr. Erkard's student loans, one against the Loan Servicing Center and one against the Ohio College of Podiatry. Neither adversary com-

plaint listed the United States as a party, nor is there any suggestion that the Bankruptcy Court was aware of the United States' interest in the action when it ordered the entry of the default judgment. Moreover, it appears that the default judgments at issue were entered without consideration of the underlying merits of Erkard's claim.[1] Rule 55(e) of the Federal Rules of Civil Procedure mandates that "[n]o judgment by default shall be entered against the United States ... unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Said rule applies with equal force to adversary proceedings in the Bankruptcy Court. Bankr.Rule 7055. It seems clear that the Bankruptcy Court neither contemplated the United States being bound by the default judgment, nor considered the merits of Erkard's request for discharge—the default judgment was based solely on the Loan Servicing Center's failure to answer or otherwise plead. Because this court has not seen satisfactory evidence that Mr. Erkard had a right to relief as against the United States, it cannot be said that Erkard established a right to relief in satisfaction of the requirements of Rule 55(e). To hold that the United States is bound by the default judgment entered against the Loan Servicing Center would fly in the face of Rule 55(e). Accordingly, plaintiff's attempt to prevent the United States from collecting by use of its default judgment obtained against the Loan Servicing Center must fail.

A second reason also exists for permitting the United States to proceed with its collection efforts despite Mr. Erkard's discharge in bankruptcy. At all times relevant to the proceedings in bankruptcy, the United States was the guarantor of the notes held by SLMA/LSC. As a guarantor, the United States was a holder of a contingent claim against the debtor, and as such, was a creditor entitled to notice of the debtor's bankruptcy petition. 11 U.S.C. §§ 101(5) and 101(10); see In re Doersam, 60 B.R. 130, 132 (Bankr.S.D.Ohio 1986). Accordingly, Erkard should have had on his schedules any guarantors of his HEAL note. Because the United

States was not scheduled, and defendant has presented no evidence that the United States received any other notice of the bankruptcy, defendant remains liable to the United States as its guarantor. See In re Davenport, 18 B.R. 491, 494 (Bankr.D.Vt.1982).

Defendant offers only two arguments in response to plaintiff's motion for summary judgment: the first relates to the plaintiff's claim that Erkard should have substituted the United States as the real party in interest to the adversary proceedings against the Loan Servicing Center, and the second involves the efficacy of the default judgment. As outlined above, this court has concluded that the default judgment against the Loan Servicing Center does not bind the United States, thereby mooting defendant's second argument.

With respect to the substitution of the United States as a party, Erkard claims that the assignment of the notes occurred after he filed his adversary proceeding and that it was the Loan Servicing Center's responsibility to substitute the government as a party, not his. Moreover, he contends that in the case of such a transfer in interest, the action may be continued against the original party and the transferee is then bound by the judgment. Assuming, arguendo, that these arguments have merit, defendant ultimately fails because the transferee here is the United States, against whom default can be entered only in the narrowly defined circumstances set forth above. Inasmuch as this court has concluded that the default judgment at issue is not binding against the United States, defendant's arguments regarding substitution and transfer lack merit.

In light of the foregoing, the court concludes that the United States is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment, (docket # 9), is hereby granted and judgment shall be entered in favor of the plaintiff in the amount of $33,081.51 principal, plus $651.31 interest accrued through January 31, 1995; and interest from the filing of the complaint (computed at

---

**1.** This conclusion is supported by the fact that the provision regarding discharge of HEAL loans, 42 U.S.C. § 292f(g), contains three requirements for discharge, one of which plainly was not met in this instance.

a variable rate and adjusted quarterly) to the date of judgment; and interest from the date of judgment until paid in full at the legal rate in effect at the date of judgment; and costs.

IT IS SO ORDERED.