**In re Patricia Michelle MILLER, Debtor.**

**Patricia Michelle Miller, Plaintiff,**

v.

**Pennsylvania Higher Education Assistance Agency/Student Loan Servicing Center, Sallie Mae Servicing Corporation, and Juniata College, Defendants.**

**Bankruptcy No. 01–32744.**
**Adversary No. 01–3076.**

United States Bankruptcy Court, E.D. Tennessee.

March 8, 2002.

N. David Roberts, Jr., Esq., Bailey, Roberts & Bailey, P.L.L.C., Knoxville, TN, for Plaintiff.

Holly N. Knight, Esq., H. Tucker Dewey, Esq., Hale, Headrick, Dewey, Wolf, Golwen, Thornton & Chance, P.L.L.C., Nashville, TN, Jennifer L. Powers, Esq., Stephen P. Hale, Esq., Memphis, TN, for Pennsylvania Higher Education Assistance Agency.

## MEMORANDUM ON SUMMARY JUDGMENT MOTIONS

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The Plaintiff filed a Complaint on June 11, 2001, alleging that her student loan obligations should be discharged pursuant to the undue hardship provision of 11 U.S.C.A. § 523(a)(8) (West Supp.2001).[1] Default was entered against Defendant Juniata College (Juniata) on August 31, 2001. A default judgment was subsequently entered against Juniata on October 30, 2001. Default was entered against Defendant Sallie Mae Servicing Corporation (Sallie Mae) on October 2, 2001, followed by an entry of default judgment on October 30, 2001. Each default judgment discharged the Debtor's student loan obligations to the respective creditors pursuant to § 523(a)(8).

Two motions are now before the court. By her Plaintiff's Motion for Partial Summary Judgment filed January 30, 2002, the Plaintiff contends that Defendant Pennsylvania Higher Education Assistance Agency (PHEAA), as Sallie Mae's assignee, is bound by the default judgment entered against Sallie Mae. Also before the court is PHEAA's Motion for Summary Judgment filed on January 31, 2002.[2] PHEAA seeks summary judgment on the dischargeability of the Plaintiff's student loans.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West 1993).

## I

The Plaintiff filed a Voluntary Petition under Chapter 7 on June 1, 2001. Accord-

---

1. A Chapter 7 discharge does not discharge a student loan obligation "unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents[.]" 11 U.S.C.A. § 523(a)(8) (West Supp.2001).

2. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED R. CIV. P. 56(c) (as incorporated by FED. R. BANKR. P. 7056).

ing to her Complaint, the Plaintiff borrowed funds from each Defendant in order to finance her higher education. Presently at issue are three debts purportedly totaling $43,648.70 in principal and held by Sallie Mae as of the filing of the present Complaint. PHEAA states that it is the guarantor of those loans.

Sallie Mae assigned its claims to PHEAA, as evidenced by Assignment documents dated June 25, 2001, and filed with the court on July 30, 2001. PHEAA states that it paid $83,390.28 to Sallie Mae on July 20, 2001, in honor of its guaranty of the Debtor's obligations.

## II

■ The Plaintiff contends that PHEAA is bound by the default judgment entered against its assignor, Sallie Mae. Therefore, according to the Plaintiff, any claim that PHEAA holds by assignment has already been discharged by the October 30, 2001 default judgment against Sallie Mae.

Although the parties failed to brief or cite any legal authority on this issue, there is authority germane to the Plaintiff's position. In *Garmhausen v. Sallie Mae Servicing Corp. (In re Garmhausen)*, 262 B.R. 217 (Bankr.E.D.N.Y.2001), the debtor owed a student loan obligation to Sallie Mae. As in the present case, Sallie Mae did not appear in the *Garmhausen* adversary proceeding and did not file an answer. *See id.* at 219. Instead, as in the present case, Sallie Mae assigned its claim to the loan's guarantor, the New York State Higher Education Corporation (HESC), prior to the entry of a default judgment. *See id.*

The *Garmhausen* court held that HESC, as assignee, was bound by the default judgment later entered against Sallie Mae. *See id.* at 222 ("In this case, Sallie Mae defaulted and HESC must bear the

consequences of this default. At no time has HESC offered any excuse for the failure of Sallie Mae to answer the complaint or seek an extension of the time within which to do so."). However, the court went on to note that HESC also held a separate claim as the debtor's guarantor:

> In other words, HESC holds two claims at this stage of the litigation: (a) it owns the assignment of the claim that it purchased from Sallie Mae (after the adversary proceeding was commenced), *and* (b) it is and, at all relevant times, has been, the guarantor of the debt owing to Sallie Mae. These are two distinct obligations and the mere fact that HESC now holds both of them does not transform them into one.

> ... HESC in its capacity as guarantor is *not* bound by the default judgment entered against Sallie Mae on the underlying obligation.

*Id.* at 222–23 (emphasis in original); *see also United States of America v. Erkard*, 200 B.R. 152, 154 (N.D.Ohio 1996) (Student loan guarantor holds contingent claim against the debtor).

This court agrees that PHEAA, like HESC, holds a claim as guarantor with rights separate from its claim by assignment from Sallie Mae. PHEAA, as guarantor, is not bound by the previous default judgment. *See Garmhausen*, 262 B.R. at 223. The Plaintiff's Motion for Partial Summary Judgment must therefore be denied.

## III

■ PHEAA's Motion for Summary Judgment must also be denied. Section 523(a)(8) cases require the court to conduct an individualized inquiry into the debtor's income, expenses, repayment efforts, and additional circumstances in order to determine whether to discharge all,

part, or none of the student loan obligation. *See Tennessee Student Assistance Corp. v. Hornsby (In re Hornsby)*, 144 F.3d 433, 437–40 (6th Cir.1998).

 PHEAA argues that the Plaintiff is not entitled to an undue hardship discharge because, *inter alia*, she has a number of unnecessary monthly expenses and has put forth insufficient effort toward finding a higher-paying job. The record before the court, however, does not lead to "but one reasonable conclusion" on these issues. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The court cannot adequately conduct the individualized inquiry necessary to decide these questions based solely on the record before it, which consists, in relevant part, only of the Plaintiff's Answers to Interrogatories and a portion of the Plaintiff's deposition testimony. As one example, the court cannot determine the necessity of the Plaintiff's monthly cellular and home telephone expenses merely by viewing those numbers on paper. As the Plaintiff correctly points out, the present undue hardship determination "simply cannot be accomplished by affidavits or by reading deposition materials."

In sum, PHEAA's Motion for Summary Judgment will also be denied. An order consistent with this Memorandum will be entered.