**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0225n.06

No. 11-6218

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Mar 04, 2013*
DEBORAH S. HUNT, Clerk

IN RE: PAMELA ILEEN MATTHEWS,

    Debtor.

_____

| | |
|---|---|
| PAMELA ILEEN MATTHEWS, | ) |
| | ) |
|     Appellant, | ) |
| | ) |
| v. | )   ON APPEAL FROM THE UNITED |
| | )   STATES DISTRICT COURT FOR THE |
| EDUCATIONAL CREDIT MANAGEMENT | )   EASTERN DISTRICT OF KENTUCKY |
| CORPORATION, | ) |
| | ) |
|     Appellee. | ) |

**Before: BOGGS and WHITE, Circuit Judges, and BLACK, District Judge.**[*]

**HELENE N. WHITE, Circuit Judge.** Pamela Matthews appeals the district court's

judgment and its order denying her motion for reconsideration, asserting that both the bankruptcy

and district courts clearly erred in permitting Educational Credit Management Corporation (ECMC)

to intervene in Matthews's adversary proceeding against the consolidated lender of her student loan,

Sallie Mae. We AFFIRM.

**I.**

_____

[*]The Honorable Timothy S. Black, United States District Judge for the Southern District
of Ohio, sitting by designation.

1

Matthews filed a voluntary Chapter 11 petition, which was converted to a Chapter 7 proceeding on June 1, 2009. She initiated an adversary proceeding against consolidated-lender Sallie Mae on July 17, 2009, seeking to discharge student-loan obligations on grounds of undue hardship. 11 U.S.C. § 523(a)(8). Although the Loan Consolidation Disclosure Statement and Repayment Schedule that Sallie Mae mailed Matthews in September 2003 (when the loan was consolidated) stated, "The Guarantor of your consolidation loan is Michigan Guarantee Agency," Matthews named only Sallie Mae as a defendant in the adversary proceeding. After Sallie Mae failed to respond, the bankruptcy court entered a default judgment against it on September 11, 2009.

On September 16, 2009, then-guarantor MHESLA,[1] formerly Michigan Guarantee Agency (MGA), transferred to ECMC its rights, title, and interest in Matthews's student loan, stating that it "will assign its lender rights, title and interest to same as soon as the transfer process can be completed . . . . The current lender interest held by BONY [Bank of New York] Trust Co. NA as ELT [Eligible Lender Trustee] for SLM [Sallie Mae] is in the transition stage of being submitted as a claim for purchase by MGA."[2]

On September 17, 2009, the day after MHESLA transferred its title and interest to ECMC, ECMC filed a motion to intervene as a party defendant in the adversary proceeding. In the meantime, Sallie Mae submitted a reimbursement claim to MHESLA, which MHESLA paid, apparently on September 17, 2009.

---

[1]MHESLA is an acronym for the Michigan Higher Education Student Loan Authority.

[2]So stated the Michigan Treasury Department in a letter to ECMC dated October 14, 2009.

2

ECMC's motion to intervene asserted that it is the assignee of certain student-loan debt formerly owed by Matthews to MHESLA, as guarantor; that MHESLA assigned and transferred its title and interest in the loan to ECMC, "which obligation is represented by a SMART consolidation loan disbursed on September 19, 2003"; that Matthews's adversary complaint erroneously identified Sallie Mae as the holder of her student-loan indebtedness; and that, even if that were true, Matthews failed to properly serve Sallie Mae as required by Federal Rule of Bankruptcy Procedure 7004(b)(3),[3] i.e., that Sallie Mae was not properly served before Matthews sought entry of a default judgment against Sallie Mae. ECMC requested that the default judgment against Sallie Mae be vacated and that it be permitted to intervene "in its capacity as the current holder of the student loan debt."

The bankruptcy court granted ECMC's motion to intervene on October 26, 2009, but reserved ruling on ECMC's request to vacate the default judgment entered against Sallie Mae.

Matthews's subsequent motions for summary judgment and for dismissal of ECMC as a party defendant, which argued that ECMC lacked standing, were denied. In a motion for judgment as a matter of law, Matthews again argued that ECMC lacked standing for various reasons, including that the federal guarantee on the loan was permanently cancelled because Sallie Mae failed to comply with the 15-day filing requirement of 34 C.F.R. § 682.402. The bankruptcy court denied the motion on the basis that ECMC's intervention was proper given its role as assignee of former-guarantor MHESLA.[4]

---

[3]Matthews served Sallie Mae at a post-office-box address where it receives student-loan payments, rather than properly serving an agent or officer of the corporation as required by Fed. R. Bankr. P. 7004(b).

[4] The bankruptcy court's judgment incorporated by reference its findings and conclusions read from the bench at trial:

Following a trial, the bankruptcy court held that Matthews failed to meet the undue hardship test and entered judgment in ECMC's favor. Matthews did not appeal from that decision.

Matthews's appeal to the district court argued that any interest ECMC held, potential or actualized, was tainted by Sallie Mae's failure to file a claim seeking reimbursement from then-guarantor MHESLA within fifteen days of being served with process, as provided in 34 C.F.R. § 682.402. Matthews argued that as a result, the federal guarantee on her student-indebtedness was permanently cancelled and that because of this "incurable defect," ECMC no longer retained guarantor rights in her student loan and thus lacked standing to contest the discharge of her student-loan indebtedness.

The district court affirmed the bankruptcy court, dismissed the case with prejudice, and denied Matthews's motion for reconsideration. This appeal ensued.

**II**.

District courts review a bankruptcy court's factual findings for clear error and its conclusions of law *de novo*. *In re Baker & Getty Fin. Servs., Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997). This court applies the same standards as the district court, evaluating the bankruptcy court's determinations directly. *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607 (6th Cir. 2000).

**A. ARTICLE III STANDING**

---

[T]he Court has previously ruled on this very issue on a number of occasions as reflected in the record, this notwithstanding the proof that has been presented to the Court today, confirms those prior rulings and ECMC's standing . . . . The Court will confirm the prior rulings, that it was proper to allow ECMC to intervene in its separate role as . . . guarantor based on the prior rulings of the Court . . . .

The district court determined that Matthews properly preserved and presented only one issue —whether the bankruptcy court erred in permitting ECMC to intervene in the adversary proceeding —adding that Matthews's standing arguments were irrelevant to that determination:

> The remainder of Plaintiff's arguments do not address . . . whether Defendant has a substantial interest in Plaintiff's adversary proceeding based on its status as assignee of the guarantor, but rather address issues related to the identity of the lender, Sallie Mae's conduct and whether Defendant should be bound by the default judgment against Sallie Mae. However, Plaintiff's arguments overlook that Defendant's right in this case does not arise out of a relationship with Sallie Mae, but rather, out of Defendant's status as assignee of the guarantor. Defendant's rights as assignee of the guarantor are alone sufficient to permit it to intervene as a matter of right, regardless of any other rights it may or may not have as lender or of [*sic*] the default judgment against Sallie Mae.
>
> Moreover, Plaintiff has not pointed this Court to any specific rulings or findings by the Bankruptcy Court on any of the other issues she raises in her appellate briefs. . . . [T]he only specific Order by the Bankruptcy Court ever identified by Plaintiff as erroneous is the Order on Defendant's motion to intervene . . . .
>
> Regardless, the Court finds that Plaintiff's arguments regarding the identity of the lender, the conduct of Sallie Mae and the default judgment against Sallie Mae, including that the guarantor's interest was "permanently cancelled" due to the default judgment obtained against Sallie Mae, that she properly served Sallie Mae, that Sallie Mae had been designated as the student loan lender, that Bank of New York is not the lender of Plaintiff's student loan, that Sallie Mae improperly designated Bank of New York as Eligible Lender Trustee and that Plaintiff did not have an obligation to know the existence or identity of the true owners or guarantors of her loan, are irrelevant to whether the Bankruptcy Court erred in granting Defendant's motion to intervene as a matter of right based on Defendant's status as assignee of the guarantor. In addition, Plaintiff has failed to show this Court where the Bankruptcy Court ruled on these arguments and also failed to cite the Court to legal and evidentiary support for these arguments.

*Matthews v. Educ. Credit Mgmt. Corp.*, 449 B.R. 265, 272–73 (E.D. Ky. 2011).

Matthews's motion for reconsideration argued that the district court erroneously interpreted her argument as being that entry of the default judgment against Sallie Mae served to invalidate the

guarantee upon the loan when, in fact, her argument was that Sallie Mae's failure to adhere to the

filing requirements of 34 C.F.R. § 682.402 permanently tainted MHESLA's rights as guarantor.

> The district court disagreed:

> Plaintiff overlooks that the Court expressly recognized her argument that Defendant's interest is tainted by an "incurable procedural defect" that was the result of Sallie Mae's failure to file a claim seeking reimbursement from the guarantor of the loan within 15 days after Sallie Mae was served with the complaint in Plaintiff's adversary proceeding, thus permanently cancelling the federal guarantee upon Plaintiff's student loan indebtedness. [DE # 24 at p. 4]. Although Plaintiff argued that Defendant's guarantor rights in Plaintiff's student loan were extinguished as a result of this "incurable defect" under 34 C.F.R. § 682.402, the Court rejected this argument. Rather, the Court held that Defendant, as assignee of the student loan debt formerly owed by Plaintiff to MHESLA, as guarantor, had a substantial legal interest in Plaintiff's adversary proceeding which gave rise to a right to intervene. Even assuming that Sallie Mae did fail to comply with the requirements of 34 C.F.R. § 682.402, the Court made clear that Defendant's right in this case did not arise out of a relationship with Sallie Mae, but rather, out of Defendant's status as assignee of the guarantor. FN2 Thus, Plaintiff's arguments regarding the identity of the lender, Sallie Mae's conduct, *including its alleged failure to comply with 34 C.F.R. § 682.402*, and whether Defendant should be bound by the default judgment against Sallie Mae were irrelevant. For these reasons, Plaintiff's continued focus in her motion to reconsider on the conduct of Sallie Mae is misplaced.

> > FN2. Although Plaintiff remains firm in her position that Sallie Mae was the holder of her loan (despite evidence to the contrary), even if Plaintiff is correct, a guarantor's interest in a loan is separate and distinct from the lender's interest. *See Miller v. Pennsylvania Higher Education Assistance Agency (In re Miller)*, 275 B.R. 271, 273 (Bankr. E.D. Tenn.2002); *Garmhausen v. Sallie Mae Servicing Corp. (In re Garmhausen)*, 262 B.R. 217, 222–223[] (Bankr. E.D.N.Y. 2001); *United States v. Eckard* [*sic Erkard*], 200 B.R. 152, 154 (Bankr. N.D. Ohio 1996).

*Matthews v. Educ. Credit Mgmt. Corp.*, No. 5:10-cv-00232-KSF, 2011 WL 4015682, at *3 (E.D.

Ky. Sept. 9, 2011).

**1.**

Article III standing, a threshold question in every federal case, *Warth v. Seldin*, 422 U.S. 490, 498 (1975), requires that a party show that 1) it has suffered an injury-in-fact that is a) concrete and particularized, and b) actual or imminent, not simply conjectural or hypothetical; 2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *LPP Mortg., Ltd. v. Brinley*, 547 F.3d 643, 647–48 (6th Cir. 2008). We review the bankruptcy court's legal determinations *de novo*. *In re Global Technovations, Inc.*, 694 F.3d 705, 714 (6th Cir. 2012).

Matthews argues that because consolidated-lender Sallie Mae failed to properly service the loan by not filing a reimbursement claim with then-guarantor MHESLA within 15 days of receiving notice of the adversary proceeding, as required by 34 C.F.R. § 682.402(g)(2)(iv)(B), the guarantee on the loan permanently lapsed and ECMC thus holds no independent claim for reimbursement against her.

**2.**

As discussed *supra* at 2, MHESLA transferred its title and interest to ECMC on September 16, 2009. The following day, September 17, 2009, Sallie Mae submitted a default claim to MHESLA for reimbursement on Matthews's student loan, which MHESLA paid. ECMC moved to intervene in the adversary proceeding on September 17, 2009.

34 C.F.R. § 682.402(g)(2)(iv)(B) provides in pertinent part:

(iv) A lender shall file a bankruptcy claim with the guaranty agency by the earlier of-

> (B) 15 days after the lender is served with a complaint or motion to have the loan determined to be dischargeable on grounds of undue hardship, or, if the lender secures an extension of time within which an answer may be filed, 25 days before the expiration of that extended period, whichever is later.

The regulation itself does not provide that the guarantee on the loan lapses if the lender fails to file a bankruptcy claim with the guarantor within 15 days. Matthews's sole support for her argument is one sentence in an appendix to Part 34 of the federal regulations:

> If a lender fails to comply with either the due diligence or timely filing requirements, the affected loan ceases to be insured; that is, the lender loses its right to receive interest benefits, special allowance and claim payments thereon.

34 C.F.R. P. 682, App. C, Procedures for Curing Violations of the Due Diligence in Collection and Timely Filing of Claims Requirements Applicable to FISLP and Federal PLUS Program Loans[5] and for Repayment of Interest and Special Allowance Overbillings.

It is not evident that the timely filing requirements referred to in Appendix C govern the 15-day filing requirement for Sallie Mae to submit a reimbursement claim to the guarantor under § 682.402(g)(2)(iv)(B). The Introduction to Appendix C suggests otherwise, as it refers only to §§ 682.507 and 682.511:

> This bulletin prescribes procedures for lenders to use (1) to cure violations of the requirements for due diligence in collection . . . and timely filing of claims under the Federal Insured Student Loan Program (FISLP), and (2) to repay interest and special allowance overbillings made on loans evidencing such violations. See 34 CFR 682.507, 682.511. These procedures allow for the reinstatement of a lender's eligibility for interest and special allowance and claim payments on loans evidencing such violations, under specified circumstances. These procedures apply to loans for which the first day of the 120-day or 180-day default period occurred on or after October 21, 1979 . . . .

---

[5]Matthews's brief states that her loan originated under the auspices of the Federal Family Education Loan (FFEL) Program. Appellant Br. at 21. Section 682.100 provides that Part 682 governs four programs collectively referred to as FFEL programs, including the Federal PLUS program, and the Federal Consolidation Loan Program, "which encourages making loans to borrowers for the purpose of consolidating loans: under the Federal Insured Student Loan (FISL)" program and others. 34 C.F.R. § 682.100(a)(3) and (4).

(Footnote omitted).  Section 682.507(a)(1) provides that "a lender shall exercise due diligence in the collection of a loan with respect to both a borrower and an authorized endorser," and that "[i]n order to exercise due diligence, a lender shall implement the procedures described in this section if a borrower fails to make an installment payment when due."  Section 682.511, which sets forth the procedures for a lender to file a claim against the Secretary of Education's guarantee on a Federal GSL loan, provides that lenders filing default claims and delinquent-loan claims are subject to a 90-day filing requirement.  34 C.F.R. § 682.511(e)(1).  Matthews does not argue that either section 682.511 or 682.507 apply here.

In the final analysis, Matthews points to no case or other authority, nor has our research yielded any, supporting her argument that the loan guarantee permanently lapsed because Sallie Mae did not comply with the 15-day filing requirement of 34 C.F.R. § 682.402.[6]  Her argument thus fails.

**B.**

We also reject Matthews's argument that the bankruptcy and district courts clearly erred in finding that as guarantor, ECMC has an independent claim of reimbursement against her.  Matthews asserts that in order to have a right of reimbursement and, thus, standing to intervene, ECMC must first have made payment on the principal underlying obligation.

---

[6]Matthews is correct that the loan-servicing agreement between Sallie Mae (the servicer), SLM Funding LLC (the issuer), and the Bank of New York Mellon Trust Company solely in its capacity as Eligible Lender Trustee, requires the servicer, Sallie Mae, to comply with applicable regulations of the Higher Education Act (HEA).  However, Matthews points to no provision in the servicing agreement stating that a lender's failure to comply with the HEA results in the federal guarantee on the loan permanently lapsing.  Further, Matthews's argument presumes that Sallie Mae was properly served in the first place.

9

It is well-settled that "[a] guarantor or surety for the debtor . . . will be a creditor under the Code because the guarantor holds a *contingent claim* against the debtor that becomes fixed when the guarantor pays the creditor whose claim was guaranteed or insured." *In re H & S Transp. Co., Inc.*, 939 F.2d 355, 359 (6th Cir. 1991) (emphasis added).

Matthews's argument that any independent claim for reimbursement held by MHESLA or ECMC was discharged as a matter of law because the underlying obligation had been previously discharged by entry of the default judgment against Sallie Mae also fails. A debtor's obligations to the lender and to the guarantor are two distinct obligations. *In re Garmhausen*, 262 B.R. 217, 222–23 (Bankr. E.D.N.Y. 2001). Matthews's obligation to pay her student loans is not fully discharged without a judgment against guarantor ECMC, as well as against lender Sallie Mae. *Id.* at 223.

**III.**

For these reasons, we AFFIRM the bankruptcy court's determination allowing ECMC to intervene in the adversary proceeding, the district court's entry of judgment for ECMC, and its denial of Matthews's motion for reconsideration.